COLEMAN, RESPONDENT, *v.* PERRY ET AL., APPELLANTS.

(No. 1,506.)

(Submitted March 21, 1903.   Decided April 6, 1903.)

*Master and Servant—Injury to Employe—Motion for Nonsuit
—Question for Jury—Defective Machinery—Assumption of
Risk—Instructions—Pleading.*

1.   On motion for a nonsuit every fact will be deemed proved which the evidence tends to prove.

VOL. XXVIII—1

2.  Evidence in an action by an employe for injuries received from machiney *held* sufficient to warrant the submission of plaintiff's case to the jury, and that a motion to nonsuit was properly denied.

3.  Whether a laundry mangle is defective is a proper subject for expert evidence.

4.  Code of Civil Procedure, Section 1171, Subdivision 1, authorizes a new trial for any irregularity or abuse of discretion preventing a fair trial. Section 1172 requires that when application is made for such a cause it must be upon affidavits. *Held,* that the failure to show by affidavit an alleged error of the court in commenting on the probable effect of evidence at the time of its reception precludes its review on appeal.

5.  The question whether the danger of operating a particular laundry mangle is so obvious that an inexperienced employe could not fail to notice and avoid it in exercising ordinary care, is for the jury.

6.  Civil Code, Section 4330, provides that for the breach of an obligation not arising from contract the measure of damages is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not. *Held,* that an instruction, n an action by an employe, that, if she was injured by defendants' negligen·e, she was entitled to recover what would compensate for all damage "proximately caused by the negligence of defendants, whether such damage could be anticipated or not," was not objectionable for failing to specify by whom the damage need not be anticipated, where there is no showing in the record that appellants asked for any more definite declaration upon the subject.

7.  The doctrine of assumption of risk has no application to a case where an inexperienced laundry employe is directed to feed a mangle, the work requiring experience, and the employe receiving no instruction, notice, or warning of defects. ·

8.  Under Code of Civil Procedure, Section 720, requiring a reply only when the answer contains a counterclaim, failure to reply in a personal injury case does not admit allegations of contributory negligence.

MR. JUSTICE MILBURN dissenting in part.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Elizabeth Coleman against Oliver N. Perry and others. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendants appeal. Affirmed.

*Messrs. Hamilton & Thresher,* for Appellants.

When all the facts upon which the opinion is founded can be ascertained and made intelligible to the court or jury, the opinion of witnesses is not to be received in evidence. (*Sappenfield* v. *Main St. Ry. Co.,* 27 Pac. 590 (Cal.) ; *Ferguson* v. *Hubble,* 97 N. Y. 507.)

The remarks of the court in the presence of the jury was pre-

judicial error. (*Sappenfield* v. *Main St. Ry. Co.,* 27 Pac. 593 (Cal.); *Nalley* v. *Carpet Co.,* 51 Conn. 524; *Morse* v. *Ry. Co.,* 30 Minn. 465; *Corcoran* v. *Peekskill,* 108 N. Y. 151.)

An employe knowing the nature of the service to be rendered and being able to foresee or anticipate any danger or injury that may come to him or her because of such employment, is presumed to have assumed the risk of such employment and can not recover. (*Goodwell* v. *M. C. Ry. Co.,* 18 Mont. 298; *Chicago Ry. Co.* v. *Ross,* 112 U. S. 377; 14 Am. & Eng. Enc. of Law, page 852; *Journeaux* v. *Stafford Co.,* 81 N. W. 259; *Sappenfield* v. *Main St. Ry. Co.,* 27 Pac. 593; *DeForest* v. *Jewett,* 23 Hun. 490; *Richards* v. *Rough,* 18 N. W. 785.)

Conflicting and contradictory instructions upon a material point are misleading to the jury and ground for reversal. (*Heilbronner* v. *Lloyd,* 17 Mont. 307; *Flick* v. *Mining Co.,* 8 Mont. 305.)

The trial court correctly stated the law in instruction No. 12. (*McAndrews* v. *Ry. Co.,* 15 Mont. 290; 14 Am. & Eng. Ency. of Law, page 852.)

If the plaintiff knew that the machine in question was out of repair in such a way as to be dangerous to her, and failed to mention the fact to her employers, and continued to operate it without complaint, she is presumed to have undertaken the risk and cannot now recover. (*Bogenschutz* v. *Smith,* 1 S. W. 578 (Ky.); *Laning* v. *Ry. Co.,* 49 N. Y. 521; *Kelly* v. *Ry. Co.,* 29 N. W. 173 (Minn.)

*Mr. Guy L. Reed, Mr. Peter Breen,* and *Mr. Robert Mc-Bride,* for Respondent.

Master is bound to furnish reasonably safe machinery for the use of his servants. (Beach on Negligence, p. 350; 2 Thompson on Neg. p. 972; Sherman & Redfield, p. 197; Bailey, Masters' Liability, Chap. II; *Johnston* v. *B. & M. Co.,* 6 Mont. 178.)

When one who is known to be an inexperienced person is put

to work upon dangerous machinery the employer is bound to give him such instructions as will cause him to fully understand the danger attending the employment and the necessity for care. (*Verdelli* v. *Grays Harbor Commercial Company*, 47 Pac. 364; *Ingerman* v. *Moore*, 90 Cal. 410, 27 Pac. 306; *Jones* v. *Mining Co.*, 66 Wis. 277, 28 N. W. 210; *Verdelli* v. *Grays Harbor Commercial Co.*, 47 Pac. pp. 365-367; *Nadeau* v. *White River Lumber Co.*, 43 N. W. 1138; *Neilon* v. *M. & M. Paper Co.*, 44 N. W. 774; *Wolski* v. *Knapp, Stout & Co.*, 63 N. W. 87; *Arizona Lumber Co.* v. *Mooney*, 33 Pac. 590-592; *McDougall* v. *Ashland Sulphite-Fiber Co.*, 73 N. W. 330.)

One who is well acquainted with the use of a mechanical appliance is competent to testify as to whether such an appliance was reasonably adapted for the purpose for which it was used, and also as to its condition at the time of the accident. (Bailey, Masters' Liabilities, p. 534 and cases cited; *Alabama Connellsville Coal & Iron Co.* v. *Pitts.*, So. Rep. 13, 135; *Blogett Paper Co.* v. *Farmer,* 41 N. H. 389.)

Evidence of similar accidents resulting from the same cause is competent to show dangerous condition of machine. (Bailey on Masters' Liabilities, pp. 515 and 520; *Morse, Adm'x,* v. *Minneapolis & St. L. R. R.*, 16 N. W. 358; *Quinlan* v. *Utica*, 11 Hun. 217, affirmed, 74 N. Y. 603; *District of Columbia* v. *Armes*, 107 U. S. 519.)

A wrong reason for a correct ruling will not invalidate the ruling. (*Brown* v. *Barnes*, 39 Mich. 211; Hayne, New Trial and Appeal, p. 384, and cases cited.)

Errors in law are errors in rulings made by the court upon questions presented during the trial. (Hayne, New Trial and Appeal, p. 100.)

An irregularity of the court is not an error of law, within the meaning of the law. Errors in law only occur when there are rulings made at the trial upon questions of law. (Hayne, New Trial and Appeal, p. 29.)

The statement itself was not the ruling, and if appellant's contention is correct, that the court did not correctly state the

law, it is not an error of law but rather an irregularity on the part of the court. (*McMinn* v. *Whelan,* 27 Cal. 320.) Our Code has provided that in such case the application for a new trial must be made upon affidavits. (Sections 1171 and 1172, Code of Civil Procedure.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by the plaintiff, Elizabeth Coleman, against the defendants, as copartners operating the Union Steam Laundry, in Butte, Montana, to recover damages for personal injuries received by her while at work in that laundry. The plaintiff claims that she was employed to check the laundry when it came in, to fold it after it had passed through the different processes of laundry, and check it out again; that on February 3, 1896, she was directed by one of the defendants to work on the mangle or ironing machine, feeding the fabrics into it; that while engaged in this occupation, without any negligence on her part, her hand was caught, crushed, and burned in the mangle, by reason of which she suffered great personal injury and damages. She further claims that the defendants were guilty of negligence in keeping for use and permitting to be used an ironing machine which was out of repair, and in an unsafe condition for operation. The answering defendants deny any negligence on their part, plead contributory negligence on the part of the plaintiff, and set up in their answer that the danger incident to the operation of the mangle was one of the risks of the employment, which the plaintiff assumed when she went to work. Upon the trial of the cause, at the close of the plaintiff's testimony, the defendants interposed a motion for nonsuit, which was overruled. Among others the court gave instruction No. 2, which is as follows: "The court instructs the jury that if the jury find from the evidence that plaintiff has been injured by the negligence of the defendants, substantially as set forth in her complaint, then she is entitled to recover from the defendants such an amount as will compensate

her for all the damage proximately caused by the negligence of defendants, whether such damages could be anticipated or not." The jury returned a verdict in favor of plaintiff for $2,100, and from the judgment and an order denying defendants' motion for a new trial these appeals are prosecuted.

The contention of the plaintiff was that she was employed to do particular work which would not, in any event, bring her into contact with the laundry machinery; that she had had no previous experience in laundry work; that she knew nothing whatever about the machinery; that, as a matter of fact, the mangle in use was out of repair, and in a dangerous condition; that the rollers were not operating evenly; that it was necessary for the person feeding it to place the left hand much nearer the rollers than the right, in order to get the fabrics through; that all of these facts were unknown to her; that there was no guard on the machine to protect the operator; but, notwithstanding her inexperience, and the fact that she had been employed to do other work, she was directed by one of the copartners on the morning of her injury to feed this mangle; that she was not cautioned, instructed, or notified as to the dangerous character of her employment; and that it was without fault on her part that she received the injury. The evidence offered on her behalf tended to prove this contention, and under the rule, well established, that on motion for a nonsuit every fact will be deemed proved which the evidence tends to prove (*State ex rel. Pigott* v. *Benton,* 13 Mont. 306, 34 Pac. 301; *Morse* v. *Granite County Commissioners,* 19 Mont. 450, 48 Pac. 745; *Cain* v. *Gold Mt. Mining Co.,* 27 Mont. 529, 71 Pac. 1004), the evidence should have gone to the jury, and the motion for nonsuit was properly denied.

Complaint is made that the witnesses Lewis and Stanhope, for the plaintiff, were each permitted to state, in answer to a hypothetical question, that, in his opinion, the mangle was out of repair. The contention is that, a description of the machine having been given by other witnesses, the jurors were as well qualified to say whether or not the machine was out of order as

the witnesses whose opinions were given; or, in other words, that this was not an instance where expert testimony should have been received. We are of the opinion, however, that the evidence was properly admitted. We cannot say, as a matter of law, that the jurors were as competent to pass upon the safety of the appliances used as men who had special knowledge, gained from years of experience in handling such machinery. (Lawson, Expert and Opinion Evidence (2d Ed.) 78.) In *Lau* v. *Fletcher,* 104 Mich. 295, 62 N. W. 357, the court had under consideration a personal injury case. The undisputed facts were that a circular saw used in a pulpmill having been broken, the employer took another saw, which had a crack in it, had some repairing done on it, put it in place, and, the employe having been injured when this saw broke, it became a material question as to whether the employer had used reasonable care in providing safe appliances for his employe to use. In support of his contention that he had not been guilty of negligence, the employer offered and had admitted in evidence the opinions of experts to the effect that the saw used was suitable and safe for use, and upon this the supreme court makes this comment: "We think the testimony was properly admitted. It cannot be said that one unfamiliar with the use of such machines is as competent to judge of their safety and fitness as those experienced and skilled in their use, and who have knowledge of their construction."

Upon cross-examination of one of the defendants, plaintiff's counsel sought to show that soon after plaintiff was injured the defendants undertook to put a guard on the mangle, and in ruling upon an objection made by counsel for defendants the district court used this language: "I shall allow the testimony sought to be adduced to go to the jury, believing that, if it can be shown that the defendants here realized that the machine in question was defective, and that they sought, within a few days after the injury to this plaintiff, or after the alleged injury, to cure or remedy such defect, for the reason that it would tend to show that at the time of the injury the machine was then de-

fective. The witness may answer the question." Exception was taken to the language used by the court in the presence of the jury, and it is now urged here that this was prejudicial error. If error was committed, it was because of the irregularity or abuse of discretion on the part of the trial court in thus freely expressing before the jury an opinion upon the probable effect of evidence. If the language of the court so used constituted error, it is one of the designated causes for which a new trial may be granted. (Section 1171, Subd. 1, Code of Civil Procedure.) However, such error can only be shown by affidavit, otherwise it is not properly in the record or before this court (Section 1172, Code of Civil Procedure); and, as the alleged error was not so saved, consideration of the matter is not properly before this court upon this hearing. In this connection it may be said that we are not asked to pass upon the action of the court in admitting the evidence with reference to which the remarks were made.

It is further contended on the part of the defendants that the danger of operating this mangle was a risk incident to the employment of the plaintiff, and one which she assumed when she went to work. The question whether or not the dangers of operating this particular machine were so obvious that even an inexperienced person could not fail to notice and avoid them if exercising ordinary care and prudence, was for the jury's solution under proper instructions.

Particular complaint is made of instruction No. 2, above. Under Section 4330 of the Civil Code, which provides: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not," we are of the opinion that the instruction is not open to the objection made to it. In any event, there is no showing in the record that the defendants asked for any more definite declaration upon the subject.

There is no dispute in the record that the plaintiff was em-

ployed to check and tally the articles of laundry, and in the discharge of this duty she did not come in contact with the laundry machinery at all. In view of the plaintiff's testimony that she knew nothing whatever about the machinery, and the defendant Congdon's testimony that the feeder of the mangle must know her business, and that he did not know whether the plaintiff had any knowledge of the machinery or not, and her further testimony that she was directed by Coddington, one of the copartners, one of the defendants, and the foreman of the laundry, to feed the mangle on the morning of the accident, and that she received no instructions, notice, or warning, it is pertinent to suggest that the rule that employes assume the risks incident to the employment has no application to the facts of this case as found by the general verdict of the jury. In *Felton* v. *Girardy,* 43 C. C. A. 439, 104 Fed. 127, the court, after stating the general rule, said: "But when a servant is ordered by one having authority over him to do a temporary work beyond the work which he had engaged to do, and the superior knows, or ought to know, from all the circumstances of the case, that the work which the subordinate is directed to do is of a peculiarly dangerous character, and is aware, or under the circumstances should be aware, that the risks and hazards of the work, or the proper mode of doing the work to avoid the incident risks, are not obvious or known and appreciated by the subordinate, by reason of his youth, incapacity, or inexperience, it is the duty of the superior to caution and instruct such disqualified servant sufficiently to enable him to understand the dangers he will encounter, and how to do the work with safety if he exercise due care himself. (*Leary* v. *Railroad Co.,* 139 Mass. 580, 2 N. E. 115, 52 Am. Rep. 733; *Cole* v. *Railway Co.,* 71 Wis. 114, 37 N. W. 84, 5 Am. St. Rep. 201.)   *   *   *   The principle is that, if an employer knows that the servant will be exposed to risks and dangers in any labor to which he assigns him, and is aware that the servant is from any cause disqualified to know, appreciate, and avoid such dangers, the dangers not being obvious, the master is guilty of a breach of duty, unless he gives

such reasonable cautions and instructions as should reasonably enable the servant exercising due care to do the work with safety to himself."

It is further contended that the allegations of contributory negligence contained in the defendants' answer, being undenied by a reply, are admitted. At the time the pleadings were prepared and the issues made up, Section 720 of the Code of Civil Procedure was in force, and a reply was required only when the answer contained a counterclaim. This section was afterwards amended by Act of the Sixth Legislative Assembly (Laws of 1899, p. 142), but this was long after the issues were made up in this action.

The other particulars to which our attention has been called do not merit special mention.

The evidence is sufficient to sustain the verdict. We find no error in the record.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN: I dissent. A jury trying a damage suit wherein a woman is trying to recover compensation for injuries to her hand which has been crushed and mutilated by the defendants' machine, in my opinion, should not be given an instruction such as No. 2 herein. This instruction is not in the language of the Civil Code, Section 4330, quoted by MR. JUSTICE HOLLOWAY. If the instruction, like the section of the Code, be ambiguous, in that it does not say in plain language that the defendant, and not the plaintiff, is referred to as the person who could or could not anticipate the detriment, then it should not have been given. It would not, in my opinion, relieve the situation to say that the section of the Code is as ambiguous as the instruction. The language of the Code is not always a safe and sure means of conveying thought, or of stating the law to a juror. (*State* v. *Baker,* 13 Mont. 160, 32 Pac. 647; *State* v. *Shafer,* 26 Mont. 11, 66 Pac. 463; *State* v. *Felker,* 27 Mont.

451, 71 Pac. 668.) As was said in the *Shafer Case:* "Jurors are not learned in the law. Ordinarily, they have not experience and knowledge sufficient to enable them to draw nice distinctions necessary in the application of legal principles, and, unless the court comes to their assistance, and declares these distinctions so that they may understand and apply them, they are left to grope in confusion and uncertainty." The instruction easily could be understood by a juror as meaning that the woman could recover even though she could reasonably see the danger and anticipate the damage; even if the machine was such as was obviously very dangerous, and certain to cripple her if she undertook to operate it. Jurors cannot be expected, comparing all the instructions, to resolve all doubts as to what they mean, and to draw fine distinctions. I think injustice may in many cases be anticipated. if such an instruction be given to twelve men who are asked by a woman to award her compensation for the crippling of her hand.