TAGUE, RESPONDENT, *v.* JOHN CAPLICE COMPANY, APPELLANT.

(No. 1,501.)

(Submitted March 20, 1903.   Decided April 27, 1903.)

| | |
|---|---|
| 28 | 51 |
| 28 | 569 |
| 28 | 51 |
| 30 | 388 |
| 28 | 51 |
| 35 | 309 |
| 36 | 103 |
| 28 | 51 |
| 37 | 223 |
| 38 | 400 |
| 28 | 51 |
| 41 | 433 |
| 28 | 51 |
| 40 | 33 |
| 40 | 497 |

*Corporations—Borrowing Money—Officers — Powers—Action —Continuance—Absence of Witness—Admissions—Effect— Evidence—Pleadings in Other Suits—Issues—Withdrawal —Appeal—Misconduct of Court—Preservation—Affidavits —Review.*

1.   Where, in an action for money loaned, defendant claimed that plaintiff and C. were partners, and that the money was loaned by plaintiff to be used in their business, and thereafter the notes of a third person who conducted the business for the firm were received by plaintiff in settlement of the advancement, a verified complaint in an action by defendant against the wife of such manager, in which defendant claimed to be the owner of such business, was admissible.

2.   Where defendant's articles of incorporation provided that it was organized to buy and sell wood, etc., and the minutes of a stockholders' meeting showed a motion, duly passed, ratifying certain contracts modifying a prior contract with N. employing him to manage the business, such contracts were not objectionable on the ground that their execution by the officers of the company were acts *ultra vires.*

3.   In the absence of any proof to the contrary, the executive officers of a corporation executing a contract under the corporate seal, in the name and on the behalf of the corporation with reference to business comprehended in the articles of incorporation, and in which it is shown that the corporation is actually engaged at the time, will be presumed to have full authority to bind the corporation by such act, and by the declarations and admissions contained in the contract itself, hence such contract is not objectionable for failure to prove the authority of the officers to execute the same.

4.   The admission of evidence in chief for the purpose of disproving an affirmtive defense contained in defendant's answer, which would have been proper in rebuttal, was not error.

5.   Under Code of Civil Procedure, Section 1172, providing that when an application for a new trial is made for irregularity in the proceedings of the court, or for an abuse of discretion, it must be made on affidavits, an alleged error, consisting in the use of certain language by the court in the presence of the jury during the trial, cannot be reviewed, where the error is not preserved and brought into the record by affidavit.

6.   The exclusion of evidence cannot be reviewed where no offer to prove the facts sought to be elicited by the excluded interrogatory was made.

7.   The exclusion of impeaching evidence was not error where the offer of proof did not fix the time when the alleged conversation occurred, or designate the persons present, and no foundation was laid therefor in the examination of the witness sought to be impeached, as required by Code of Civil Procedure, Section 3380.

8.  Under Code of Civil Procedure, Section 1039, the fact that plaintiff admitted that defendant's absent witnesses would testify as alleged, if present, did not deprive plaintiff of the right to object to the competency, relevancy, and materiality of such facts.

9.  Where evidence excluded by the trial court is not in the record, the alleged error of the court in excluding it cannot be reviewed.

10. Where, in an action for money loaned, there was no evidence that plaintiff had any knowledge that defendant intended to loan the money to N., or that plaintiff had agreed to accept N.'s notes in payment of the loan to defendant, the notes executed by N., some of which were made payable to defendant, and some to plaintiff by direction of defendant's trustees, without authority from plaintiff, were inadmissible.

11. Where there was no evidence whatever on an issue raised by the pleadings, it was proper to withdraw such issue from the jury.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Thomas Tague against the John Caplice Company, a corporation. From a judgment in favor of plaintiff, and from an order denying its motion for a new trial, defendant appeals. Affirmed.

## STATEMENT OF THE CASE.

This action was commenced in the district court by the plaintiff, Tague, against the John Caplice Company, a corporation, to recover a balance of $10,842.32, alleged to be due the plaintiff for moneys loaned by him to the defendant company. The answer denies the material allegations of the complaint, and sets up these affirmative defenses: First. That the plaintiff, Tague, and John Caplice had been engaged in the wood business at Bernice, Jefferson county, Montana, and that all moneys mentioned in plaintiff's complaint were by the plaintiff, Tague, delivered "to this defendant, to be by this defendant used for the benefit of said plaintiff and of the said John Caplice in carrying on the said wood business and in paying the expenses thereof." Second. That Tague and Caplice entered into negotiations with one Hiram Nelson to conduct the wood business for them, and that Nelson, to secure the necessary means to carry on such business, borrowed this money and executed his promissory notes therefor; that such notes were transmitted

to this defendant company, by it delivered to the plaintiff, and by the plaintiff accepted and received as payment and settlement in full for all moneys so advanced by him. When the cause came on for trial, the defendant company made a motion for continuance upon the ground of the absence of two witnesses, J. Ross Clark and J. K. Heslet. The application was made upon an affidavit setting forth the facts to which these witnesses would testify if present in court. Thereupon the plaintiff admitted that, if the witnesses were present, the evidence would be offered as set forth in affidavit, but to certain portions of such evidence the plaintiff reserved the right to object when it was offered. Thereupon the court overruled the motion for continuance, and the cause proceeded to trial. The court, after defining the issues raised by the pleadings, instructed the jury that no evidence had been offered to establish the fact that any association had ever existed between the plaintiff and John Caplice in the wood business, or that any of the moneys loaned by the plaintiff had ever been paid by the notes of Hiram Nelson, or otherwise, and directed the jury to disregard those defenses set forth in the defendant's answer, and that the only question before them for determination was whether the money was loaned to the defendant, John Caplice Company, and that the burden of proof was upon the plaintiff to establish this fact. The jury returned a verdict in favor of the plaintiff for the full amount claimed, and from the judgment entered thereon, and from an order denying its motion for a new trial, the defendant has appealed.

*Mr. Jesse B. Roote,* and *Mr. W. A. Clark, Jr.,* for Appellant.

Whether a note is taken in payment of a debt is a question for the jury. (*Crabtree* v. *Rowand,* 33 Ill. App. 423; *Goldshede* v. *Cottrell,* 2 Mees. and W. 20; *Lyman* v. *Bank of U. S.,* 12 How. (U. S.), 225; *Myatts* v. *Bell,* 41 Ala. 222; *Casey* v. *Weaver,* 141 Mass. 280; *Corner* v. *Pratt,* 138 Mass. 446; *Coburn* v. *Odell,* 30 N. H. 540, 557; *Johnson* v. *Cleaves,* 15 N. H. 332;

*White* v. *Jones,* 38 Ill. 159; *Bonnell* v. *Chamberlain,* 26 Conn. 487; *Susquehanna Fertilizer Co.* v. *White,* 66 Md. 444, 59 Am. Rep. 186; *Solomon* v. *Pioneer Co-Operative Co.,* 20 Fla. 374, 58 Am. Rep. 667; *Bullen* v. *McGilcuddy,* 2 Dana (Ky.), 91; *Gardner* v. *Gorham,* 1 Dougl. (Mich.), 207; *Kerl* v. *Bridgers,* 10 Smed. & M. (Miss.), 612; *Seltzer* v. *Coleman,* 32 Pa. St. 493; *Horner* v. *Hower,* 49 Pa. St. 475; *Brown* v. *Scott,* 51 Pa. St. 357; *Union Bank* v. *Smizer,* 1 Sneed (Tenn.), 501; *Johnson* v. *Weed,* 9 John. (N. Y.), 310; same case reported in 6 Am. Decisions, 279.)

If a note of a third person is taken for a debt, such note will be deemed to have been accepted by the payee in payment, unless the contrary be expressly proved. (*Whitbeck* v. *Van Hess,* 11 John. (N. Y.), 409; also 6 Am. Dec. 383; *Melledge* v. *Boston Iron Co.,* 5 Cush. (Mass.), 158, 51 Am. Dec. 59; 2 Benjamin on Sales, 6th Ed., 938; 18 Am. & Eng. Ency. of Law, 169.)

If the question of whether a note was accepted in payment is a question for the jury, then evidence of any fact tending to prove that question is competent to go before the jury in determining the ultimate fact. It is not necessary to prove an express agreement to the effect that the note was taken in settlement; this fact may be proven by facts and circumstances surrounding each case; said question is one of fact for the jury. (*White* v. *Jones,* 38 Ill. 159; *Holchin* v. *Secor,* 8 Mich. 494.)

Where there is evidence tending to prove a fact having an important bearing upon the law of the case, though strongly contradicted, an instruction is erroneous which ignores the existence of such a fact, and takes it from the consideration of the jury. (*Chicago P. & P. Co.* v. *Tilton,* 87 Ill. 547.)

When the evidence tends to prove a certain state of facts, the party in whose favor it is given has a right to have the jury instructed on the hypothesis of such a state of facts, and leave it to the jury to find whether the evidence is sufficient to establish the facts supposed in the instruction. If the instructions are pertinent to any part of the testimony, they should, if cor-

rect, be given without regard to the amount of evidence to which they apply. (*Griel* v. *Marks,* 51 Ala. 566; *State* v. *Gibbons,* 10 Ia. 117; *Kendall* v. *Brown,* 74 Ill. 232.)

When an instruction is asked upon a question concerning which there is no direct testimony, yet if there be any proof tending to establish it, such question should be submitted to the jury, as the party asking instruction is entitled to the benefit of whatever inference the jury may think proper to draw from the proof, however slight. (*Peoria Ins. Co.* v. *Anapow,* 45 Ill. 87; *Flournoy* v. *Andrews,* 5 Mo. 513; *Camp* v. *Phillips,* 42 Ga. 289.)

The instructions of the court should be restricted to the issues made by the pleadings, and to the evidence. (*Nollen* v. *Wisner et al.,* 11 Ia. 190; *Iron Mount. Bank* v. *Murdock,* 62 Mo. 70.)

If there was any evidence in this case—and there certainly was an ample amount of it—which tended in the remotest degree to prove that Tague accepted the notes in question as payment, then he could not recover in this case if the jury would so find, and the court should have instructed the jury upon all the facts pertinent to the issues of which there was any evidence to support them. (*Eli* v. *Tallman,* 14 Wis. 28; *Hill* v. *Canfield,* 56 Pa. St. 454; *Howe S. Mach. Co.* v. *O. Laymen,* 88 Ill. 39; *Atkins* v. *Nicholson,* 31 Mo. 488; *Toledo, etc. Ry. Co.* v. *Shuckman,* 50 Ind. 42; *Wabash Rd. Co.* v. *Henks,* 91 Ill. 406.)

The charge of the court should be strictly confined to matters of law, and it is erroneous for the judge to tell the jury what facts are proved and what are not. The court has no authority to instruct the jury as to what the evidence proved. (*Russ* v. *Steamboat, etc.,* 9 Ia. 374; *Thompson* v. *Hovey,* 43 Ill. 198; see note to Section 1080, pp. 259 to 262 of the Code of Civil Procedure of Montana, 1895.)

It is error for the court to take from the consideration of the jury any evidence that tends to prove a fact, though strongly contradicted, that has an important bearing on the case. (*Chicago P. & P. Co.* v. *Tilton,* 87 Ill. 547.)

The province of the court is to instruct the jury as to the law of the case and that of the jury to find the facts proven by the evidence. It is error for the court in giving an instruction to assume that facts have been proved or not proved or that a certain state of facts exists. (*Russell* v. *Minteer,* 83 Ill. 150; *Stier* v. *The City, etc.,* 41 Ia. 353; *Siebert* v. *Leonard,* 21 Minn. 442.)

It is error to tell the jury, without qualification, that the evidence raises a presumption of a particular fact, or is sufficient to justify finding a particular fact, if it raises not a presumption of law, but only a presumption of fact on which they might find either way. (*Stone* v. *Geyser Q. M. Co.,* 52 Cal. 315; *Allison* v. *State,* 42 Ind. 354, 357; *Read* v. *Hurd,* 7 Wend. 408.)

If the court instructs the jury that the matters given in evidence are conclusive on the one side, and the matters given in evidence on the other side are not sufficient, and that if the jury agree with him in opinion they ought to find so and so, without more, it is error. (*Firemen's Ins. Co.* v. *Walden,* 12 John. 513, 7 Am. Dec. 340; *Gordon* v. *Little,* 8 Serg. & R. 533, 11 Am. Dec. 632; *Allis* v. *Leonard,* 58 N. Y. 288; *Massoth* v. *Delaware & H. C. Co.,* 64 N. Y. 524, 533.)

It is a settled rule of law as old almost as the law itself, that in trials by a jury, the judge decides questions of law and the jury questions of fact. (Coke on Littleton, 155-156; Foster's Cr. Law, 256.)

The jury, in action at law, are judges of the facts, and the judge has no power or right to give binding instructions, where no conclusive fact is proven; and even if he thinks the testimony to establish a material fact was incredible he cannot instruct the jury to cast it aside. (*Curry* v. *Curry,* 114 Pa. St. 367.)

The court has no right to direct as to the weight the jury shall give to any evidence submitted to them. (*State* v. *Hoffman,* (Oregon), 16 Pac. Rep. 640.)

"Where the evidence conflicts without any apparent prepon-

derance on either side, it was error to instruct the jury to find
for the defendant." (*Adams* v. *Berg* (Miss.), 3 So. Rep. 465.)
In other words, the court must not invade the province of the
jury. (Note 2, page 238 of Vol. 11, 1st Ed. Am. & Eng. Ency.
of Law.)

It is the duty of the court to instruct upon whatever state of
facts there is evidence tending to prove and the instructions
should be confined to the issues. (Proffat in Jury Trial, Sec.
:313; *Nollen* v. *Wisner,* 11 Iowa, 190; *King* v. *King,* 37 Ga.
205; *Miles* v. *Douglas,* 34 Conn. 393; *Hill* v. *Canfield,* 56 Pa.
St. 454; *Hooker* v. *Johnson,* 6 Fla. 630.)

The judge in this case was not bound to sum up the evidence,
much less strike any of it out, but as he did so he should have
presented all the material facts under the issues and not have
instructed the jury upon any isolated facts, and should not give
undue prominence to certain portions of the evidence; and if
he assumes to state the evidence to the jury it is his duty to
:state all the evidence to them fairly and candidly without strik-
ing out any or giving undue prominence to any part of it.
(Thompson, Charging the Jury, 109, 111; *State* v. *Norris,* 3
Hawks (N. C.), 390; *Penn. R. Co.* v. *Zebe,* 33 Pa. St. 318.)

The judge should not frame his instructions as to assume a
disputed state of facts as proven. This rule is of equal appli-
cation in both civil and criminal cases. (*Seibert* v. *Leonard,*
21 Minn. 442; *Straus* v. *Minzesheimer,* 78 Ill. 492; *Boddie* v.
*State,* 52 Ala. 395; *Wash., etc. R. Co.* v. *Gladmon,* 15 Wall.
(U. S.), 401; *N. Y. Life Ins. Co.* v. *Baker,* 94 U. S. 611;
*Peck* v. *Ritchey,* 66 Mo. 114; *Gaither* v. *Martin,* 3 Md. 162;
*State* v. *Kennedy,* 7 Nev. 374; *Kinney* v. *Williams,* 1 Colo.
191; *Wall* v. *Goodenough,* 16 Ill. 415; *Walters* v. *Chicago, etc.
R. Co.,* 41 Iowa, 71; *McDonald* v. *Beal,* 55 Ga., 288; Chapter
of Instructions in Vol. 11, page 236 of the 1st Ed. of the Am.
& Eng. Ency. of Law, and Chapter 18 of Hayne on New Trial
and Appeal, Sec. 120, page 329.)

The court erred in sustaining the objections made by counsel
for plaintiff to the evidence offered on the part of defendant.

(Rice on Evidence, Vol. I, Chap. XI, p. 431; *Platner* v. *Plat-ner*, 78 N. Y. 90; *Trull* v. *True*, 33 Me. 367; 3 Wait, L. & Pr., 272; *Hart* v. *Newland*, 3 Hawks. 122; *Home Ins. Co.* v. *Weide,* (78 U. S.) 11 Wall. 438; *Hagerty* v. *Andrews*, 94 N. Y. 195; Rice on Evidence, Vol. I, Chap. XII, p. 488.)

*Mr. W. W. Dixon,* and *Messrs. McHatton & Cotter,* for Respondent.

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

Upon the trial the plaintiff offered in evidence a complaint in an action commenced by the defendant herein, the John Caplice Company, against Fannie Nelson, in the district court of Silver Bow county, on May 18, 1896, in which complaint the John Caplice Company claimed to be the owner of the wood business at Bernice, Jefferson county, Montana, which complaint contains copies of two contracts purporting to have been executed between the John Caplice Company and Hiram Nelson with reference to the wood business at Bernice. The complaint further claimed that the defendant, Fannie Nelson, was attempting to assert ownership to the wood and to dispose of it, and asked that by a decree of the district court the John Caplice Company be declared to be the owner and entitled to the possession of such wood. This complaint was verified by the secretary of the company. This evidence was objected to as immaterial and incompetent, and upon the ground that the contracts set out in the complaint show that their execution by the officers of this defendant company were acts *ultra vires*. The objection was overruled, and error is now assigned.

We think the evidence was properly admitted. It is a well-settled rule that declarations or admissions of a party made in pleadings are admissible against him in another action in behalf of a stranger to the action in which such pleadings were filed, if they were verified by the party or prepared under his instructions. (*Pope* v. *Allis*, 115 U. S. 363, 6 Sup. Ct. 69, 29

L. Ed. 393; *Hyman* v. *Wheeler* (C. C.), 29 Fed. 347; *St. Louis Mutual Life Ins. Co.* v. *Cravens*, 69 Mo. 72; *Elliott* v. *Hayden*, 104 Mass. 180.) The contracts referred to in the complaint were made with reference to the wood business at Bernice, one dated December 10, 1894, and the other dated April 6, 1895, which referred to the same subject-matter, and purported to modify somewhat the terms of the prior contract. The order of proof may have been somewhat irregular, but in view of the fact that plaintiff immediately offered in evidence the articles of incorporation of the John Caplice Company, which, among other things, provided that the objects for which the corporation was organized were "to buy and sell wood and lumber and building material of whatever kind, to establish, conduct and carry on the business of cutting, buying and selling and manufacturing cord wood," etc., and further offered in evidence the minutes of the meeting of the stockholders of such corporation showing the election of officers, and which minutes contain this recital: "It was moved by John Branagan that the contract dated the 10th day of December, 1894, made between the John Caplice Company, a corporation, party of the first part, and Hiram Nelson, party of the second part, be approved and ratified. The motion was seconded by Arthur H. Wethey, and was carried unanimously"—which minutes were signed and attested by the president and secretary of the corporation—we cannot say that the district court erred in its ruling.

The plaintiff also offered in evidence a contract between the John Caplice Company and Hiram and Fannie Nelson, dated July 8, 1896, which provided for the compromising of certain lawsuits, and which contract further contained the provision that the John Caplice Company was at that date the owner of the wood business at Bernice, and further provided for the disposition of the wood. This contract recited that the John Caplice Company made the contract, and caused it to be executed by its president and secretary, by whom it was signed, and to which the corporate seal was attached. To this offer the defendant company objected on the ground "that it does not appear

that the party executing this contract as president of the John
Caplice Company had any authority to do so." This objection
was overruled and exception taken, and it is now urged that the
district court erred in permitting this evidence to go to the jury.
We think there is no merit in the contention. The record of
the proceedings of the organization of the corporation, the elec-
tion of its officers, the adoption of its corporate seal, a copy of
its articles of incorporation, and evidence that the company was
actually engaged in the wood business at Bernice, had all been
introduced, and the contract was signed by the executive offi-
cers designated by the trustees of that company and attested by
the corporate seal, and, in the absence of any proof to the con-
trary, the executive officers of a corporation executing contracts
in the name and on behalf of the corporation with reference to
business comprehended in the articles of incorporation, and in
which it is shown that the corporation was actually engaged at
the time of the execution of such contracts, will be presumed
to have full authority to bind the corporation by such acts, and
by the declarations and admissions contained in the contracts
themselves. (4 Thompson on Corporations, Sec. 5106.)

Objection was made to all of this documentary evidence on
the ground that it was immaterial, and, so far as this objection
is concerned, we may say that we are of the opinion that the
plaintiff assumed a burden which it was not necessary for him
to do. At the beginning of the proceedings the defendant had
asserted in an affirmative defense that the wood business at Ber-
nice was carried on by the plaintiff herein and one John Caplice,
and it was not necessary for the plaintiff to offer evidence to
dispute that, or to show that as a matter of fact such wood busi-
ness was actually carried on by the John Caplice Company,
until after the defendant company had offered some evidence
in support of such affirmative defense; in other words, this evi-
dence was properly rebuttal, but it was directed to an issue
fairly raised by the pleadings, and no possible harm could have
been suffered by the defendant by reason of the fact that the
plaintiff was assuming the burden, in the first instance, of dis-

proving an affirmative defense contained in the defendant's answer by evidence which would have been perfectly proper in rebuttal. If there was error at all, it was in the order of proof, and entirely without prejudice.

During the progress of the trial, in a colloquy between the court and counsel, the court made use of certain language in the presence of the jury, to which the defendant took exception, and it is now urged that this was prejudicial error. If error, it was because of an irregularity in the proceedings of the court, or an abuse of its discretion, as specified in Section 1171 of the Code of Civil Procedure, and such error can only be saved and brought into the record on appeal to this court by affidavit. (Section 1172, Code of Civil Procedure; *Coleman* v. *Perry,* 28 Mont. 1; 72 Pac. 42.) This was not done, and the alleged error is not, therefore, before us.

Upon the examination of the witness Corbett for the defendant, this question was asked: "Did you ever have any conversation with Mr. Caplice, or hear Mr. Caplice have any conversation, regarding this wood business that is in litigation in this case, at any time?" An objection to the question was sustained, and error is now predicated upon such ruling. No offer to prove the facts sought to be elicited by the question was made, the excluded evidence is not before us, neither is it apparent from the question itself, and it is therefore impossible for this court to say whether there was error in the ruling of the trial court.

An offer was made by defendant to prove the substance of a conversation had between Mr. Heslet, the then president of the defendant company, and the plaintiff to this action, and, had the proper foundation been laid, the evidence would have been admissible and material, as tending to contradict the plaintiff's theory of the case, and possibly discredit the plaintiff himself; but it was clearly impeaching evidence, and the offer did not fix the time when the alleged conversation occurred or designate the persons who were present at the time, neither was the statement contained in the offer related to the plaintiff when he was

on the witness stand, and the proffered testimony was therefore properly excluded. (Section 3380, Code of Civil Procedure; *State* v. *O'Brien*, 18 Mont. 1, 43 Pac. 1091, 44 Pac. 399.)

When the defendant came to offer its proof, and attempted to introduce in evidence the affidavit containing the testimony to which it was admitted the absent witnesses J. Ross Clark and J. K. Heslet would testify, objections were made to certain portions of that testimony, and by the court sustained. The defendant now claims that this was error, and that it was misled by the ruling of the court in first denying its motion for continuance upon the ground that the plaintiff had admitted that the witnesses, if present, would testify to those facts, and then excluding certain of the facts. Upon this we may say that an admission, upon the part of one party, that witnesses for the other, if present, would offer to testify to certain facts, does not admit the competency, relevancy, or materiality of the evidence, or preclude the party making the admission from objecting to any portions of the testimony to be offered upon any of those grounds. This is clearly the meaning of Section 1039 of the Code of Civil Procedure. If the absent witnesses had been present, the plaintiff would have had the undoubted right to make such objection, and the court to sustain it, so that the defendant was in no worse position than he would have been had his witnesses been in court. However, the evidence excluded is not embraced in the statement on motion for new trial, and not before this court at all. It is therefore impossible for us to say whether or not the testimony sught to be adduced, but excluded, should have been admitted.

The defendant offered in evidence the eight notes which had been taken from Hiram Nelson, four of which were made payable to the John Caplice Company and four made payable to the plaintiff, Tague, by direction of J. Ross Clark, a trustee of the defendanat company. Upon objection they were excluded. There is absolutely no evidence in the record tending to show that the plaintiff, Tague, had any knowledge whatever of what use was being made of his money after it was delivered to the

defendant. There is no evidence in the record whatever that he had ever authorized the defendant to loan his money to and take therefor the notes of third parties, or that he had ever agreed to accept such notes in payment for the money loaned by him; and neither at the time these notes were offered in evidence, nor at any other time during the course of the trial, was any attempt made to show that the plaintiff had ever agreed to take these notes, or any of them, further than the mere fact that when plaintiff had directed John Caplice, who had possession of certain papers belonging to Tague, to turn over to his attorney, W. W. Dixon, all of his (Tague's) papers, Caplice had, among others, delivered to Mr. Dixon these notes, and they had been retained by him until the time of the trial.

Complaint is made that the court invaded the province of the jury in instructing them that no evidence had been offered proving, or tending to prove, the existence of any copartnership or association between the plaintiff, Tague, and John Caplice in the wood business at Bernice, or that proved, or tended to prove, that the plaintiff had ever accepted the Nelson notes in satisfaction for the money which he had delivered to this defendant. While it is true that the jury are the sole judges of the facts in the case, and to them should be submitted for their determination every issue of fact upon which there is any substantial evidence, it is the duty of the court, when no testimony whatever has been offered upon an issue raised by the pleadings, to withdraw it from the jury, and not permit them, by mere surmises, conjectures, or speculations, to determine such an issue by their verdict. (*Campbell* v. *Metcalf,* 1 Mont. 378; *Sweeney* v. *Darcy,* 21 Mont. 188, 53 Pac. 540.)

The only question before the court and jury for determination upon the pleadings and the evidence in this case was whether or not the plaintiff's money had actually been loaned to the defendant company, and that issue was fairly submitted, upon proper instructions, to the jury, and determined in the plaintiff's favor.

We have carefully examined the other errors assigned by the

defendant, but find no merit in them. The evidence is amply sufficient to support the judgment, and, no error appearing in the record, the judgment and order appealed from are affirmed.

*Affirmed.*