BLISS, Respondent, *v.* WOLCOTT, Appellant.

(No. 2,768.)

(Submitted February 10, 1910.   Decided February 21, 1910.)

[107 Pac. 423.]

*Personal Injuries—Automobiles—Evidence—Withdrawal—Law of the Case—Attorneys—Argument—Misconduct—New Trial Procedure.*

Trial—Instructions—Law of the Case.

  1.   After the court has given its instructions to the jury, they constitute the law of the case, whether right or wrong, and are binding upon court and jury until changed or modified.

Same — Evidence — Withdrawal — Instructions — Attorney — Argument — Misconduct—New Trial.

  2.   Where, in an action against an automobile owner for injuries resulting from a runaway alleged to have been caused by plaintiff's horse becoming frightened, the court in its charge had withdrawn from the jury's consideration all evidence tending to show that the animal was unsafe and dangerous in that it would become frightened at the sight of an automobile, the conduct of counsel for defendant in several times referring, during the course of his argument to the jury, to the evidence thus excluded, over plaintiff's objection (which was overruled), constituted such irregularity in the proceedings as prevented plaintiff from having a fair trial; hence the court's action in granting a retrial was correct.

Personal Injuries—Automobiles—Evidence—Admissibility.

  3.   Evidence that plaintiff's horse was unsafe and would become unmanageable at the sight of an automobile, was competent upon the issue

of contributory negligence on the part of plaintiff in driving it upon streets and highways, as well as to aid the jury in determining whether the animal was the sole cause of the injuries complained of.

New Trial Motion—Affidavit—Bill of Exception.

4. Under section 6795, Revised Codes, a motion for a new trial on the ground of irregularity in the proceedings of the court, jury or adverse party, may be made either upon affidavit or bill of exception, or both.

Appeal—New Trial—What not Reviewable.

5. Where the grounds of a motion for a new trial did not include insufficiency of the evidence to justify the verdict, the supreme court in reviewing the action of the trial court in granting the motion, will not pass upon the question whether, under the evidence as a whole, plaintiff can recover in any event.

*Appeal from District Court, Park County; Frank Henry, Judge.*

ACTION by Frank Bliss against J. H. Wolcott. From an order granting plaintiff's motion for a new trial, defendant appeals. Affirmed.

There was a brief in behalf of Appellant by *Messrs. Miller & O'Connor. Mr. J. F. O'Connor* argued the cause orally.

The trial court did not err in overruling the objection to the evidence in regard to the character of the horse driven by plaintiff; it was admissible, for the purpose of aiding the jury in determining whether he used due care to avoid receiving injury. (*Indiana Springs Co.* v. *Brown,* 165 Ind. 465, 74 N. E. 615, 1 L. R. A., n. s., 238; *Huntoon* v. *Trumbull,* 12 Fed. 844, 2 Mc-Crary, 314; *Doyle* v. *Lumber Co.,* 105 Mich. 195, 62 N. W. 1031; *Wright* v. *Crane,* 142 Mich. 508, 106 N. W. 71.)

The degree of care required of either the driver of a horse or the chauffeur of an automobile is governed by the character of the agency employed. (*Wright* v. *Crane, supra.*)

In the absence of any showing that the jury were influenced by the improper remarks of counsel, they will not warrant a new trial. (*Tucker* v. *Coal,* 54 Wis. 539, 11 N. W. 703; *Daniels* v. *Weeks,* 90 Mich. 190, 51 N. W. 273; *Fogel* v. *San Francisco Ry. Co.* (Cal.), 42 Pac. 565, 46 Am. Dig. 1055; *Eastery* v. *Gates,* 17 Okl. 93, 87 Pac. 853; 29 Cyc. 774.)

'An examination of the evidence in this case will show that the jury could not have returned any verdict other than the one they did, had no argument at all been made. This court has held that no new trial will be granted where it is apparent that the result of another would probably be the same. (*Leyson* v. *Davis*, 17 Mont. 220, 42 Pac. 775, 31 L. R. A. 429.)

To obtain a review of counsel's conduct in his argument to the jury, there must be an objection made to the argument at the time, and an adverse ruling and an exception taken. (*Fitzgerald* v. *Fitzgerald*, 16 Neb. 413, 20 N. W. 269; *Kansas City* v. *McDonald*, 60 Kan. 481, 57 Pac. 123, 45 L. R. A. 429; *Pike* v. *Chicago*, 155 Ill. 656, 40 N. E. 567; *Gran* v. *Houston*, 45 Neb. 813, 64 N. W. 245; *Bradshaw* v. *State*, 17 Neb. 147, 22 N. W. 361; *State* v. *Gay*, 18 Mont. 52, 44 Pac. 411.) Again, we take the position that such arguments, objections, rulings of the court and exceptions, if there were any, can only be reviewed by this court by being incorporated in a bill of exceptions, properly certified to by the trial judge. (*Littrell* v. *Wilcox*, 11 Mont. 82, 27 Pac. 394; *Bradshaw* v. *State,* and *Gran* v. *Houston, supra.*)

*Mr. Frank Arnold* submitted a brief in behalf of Respondent, and argued the cause orally.

The determination of the court as to whether a new trial should be granted on the ground of misconduct of counsel is a matter for the sound discretion of the court, and it will not be disturbed except for clear abuse of discretion. (*Denver City Tram. Co.* v. *Nicholas*, 35 Colo. 462, 84 Pac. 813; *Jung* v. *Theo. Hamm Brewing Co.*, 95 Minn. 367, 104 N. W. 233; *King* v. *C. M. & St. P. Ry. Co.*, 138 Iowa, 625, 116 N. W. 719; *Vogt* v. *Baldwin*, 20 Mont. 322, 51 Pac. 157.)

The discussion by counsel of matters not in evidence specifically withdrawn from the jury was such misconduct as entitled the plaintiff to a new trial. (*McDonald* v. *People*, 9 Am. St. Rep. 559, note; *Boydan* v. *Haberstumpf*, 129 Mich. 137, 88 N. W. 386; *Jones* v. *United States Mutual Accident Assn.*, 92 Iowa,

652, 61 N. W. 485; *Brown Land Co.* v. *Lehman,* 134 Iowa, 712, 112 N. W. 185, 12 L. R. A., n. s., 88; *Cook* v. *Doud,* 14 Colo. 483, 23 Pac. 906, 907; *Steltemeier* v. *Barrett,* 115 Mo. App. 323, 91 S. W. 56; *Chicago City Ry. Co.* v. *Gregory,* 221 Ill. 591, 77 N. E. 1112, 6 Am. & Eng. Ann. Cas. 220; *State* v. *Gutekunst,* 24 Kan. 254.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by plaintiff to recover damages for injuries to himself and his horse, alleged to have been caused by the negligence of the defendant in driving his automobile along one of the streets in the city of Livingston, whereby the horse became frightened and unmanageable and ran away. The complaint contains two counts: The first alleges negligence on the part of the defendant in running and controlling the machine, by reason of which the injuries were caused; the second alleges a violation of the statute by defendant, in that he failed seasonably to turn to the right, upon approaching plaintiff, and thereby caused his horse to become unmanageable and run away. The answer puts in issue all the material allegations of the complaint. It alleges as affirmative defenses: (1) That the injuries complained of were due entirely to the negligence of plaintiff, and the dangerous and unsafe character of his horse; and (2) that plaintiff, knowing the unsafe and dangerous character of the horse, assumed all risk incident to driving it upon the streets or highways. Upon these allegations there was issue by reply. At the trial the matters alleged affirmatively in the answer were assumed by the court and counsel to present the issue of contributory negligence, and the case was submitted to the jury under instructions upon this issue. The defendant had verdict and judgment. The court having made an order granting plaintiff a new trial, the defendant appealed. The motion was made upon several of the statutory grounds. We find no justification for the order on any of the grounds assigned, save the first, to-

wit, irregularity in the conduct of counsel for defendant, whereby plaintiff was prevented from having a fair trial.

The charge of irregularity is predicated upon the conduct of counsel during argument to the jury. Upon the issue of contributory negligence, the defendant had adduced evidence which tended to show that the horse driven by plaintiff was unsafe and dangerous, in that it would become frightened and unmanageable at the sight of an automobile, and, if approaching it, would turn and run, whether the machine made noise or not. Some of his evidence was admitted over objection, which went to the order and form in which it was introduced, but not to its relevancy or materiality. When the court came to instruct the jury, however, all of this character of evidence was withdrawn from their consideration; the court charging them that, though they should conclude from the evidence that the horse was unsafe and would run away without apparent cause, the driving of it by plaintiff upon the streets and public highways was not an act of negligence, for the reason that this was not a breach of duty that he owed to the defendant, and that the evidence on this subject must, therefore, not be considered by them in arriving at a verdict. After the submission of these instructions and during his address to the jury, one of counsel for the defendant several times referred to the character of the horse as shown by this evidence, and commented upon it as furnishing a reason why the plaintiff should not recover. Counsel for plaintiff interrupted him, objected to his reference to the evidence, and asked that the court instruct the jury to disregard his remarks. The court overruled the objection and directed counsel to proceed, saying that he was within his rights. In view of the instructions already given to the jury, the remarks of counsel were entirely out of place. The court should have instructed the jury as requested, and directed counsel to refrain from further comment.

The instructions already given to the jury, whether right or wrong, were the law of the case. (*Murray* v. *Heinze*, 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714; *State* v. *Dickinson*, 21 Mont. 595,

55 Pac. 539; *King* v. *Lincoln,* 26 Mont. 157, 66 Pac. 836; *Mc-Allister* v. *Rocky Fork Coal Co.,* 31 Mont. 359, 78 Pac. 595.) They directed the jury that, in finding their verdict upon the issue of contributory negligence, they should not consider the evidence in question at all. The law, thus formally declared by the court as the rule by which the jury must be guided, was for the time being, and until changed or modified, binding both upon the court and the jury. It was also the rule by which the argument of counsel should have been controlled. In permitting counsel for defendant to pursue the course he did, by overruling the objection of counsel for plaintiff, the court virtually told the jury that the evidence was before them for consideration and that they should consider it. Doubtless, they did so. We think the evidence was competent, not only upon the issue of contributory negligence, but also to aid the jury in determining whether the horse was the sole cause of plaintiff's injuries. Clearly, if the disposition of the horse was such as is disclosed by the testimony of some of the witnesses, it was proper for the jury to consider this fact, together with all the other testimony, in order to arrive at the cause of the runaway and the accident, and to determine whether the plaintiff caused, or proximately contributed to, his own injury. (*Huntoon* v. *Trumbull* (C. C.), 12 Fed. 844, 2 McCrary, 314; *Fletcher* v. *Dixon,* 107 Md. 420, 68 Atl. 875; *Wright* v. *Crane,* 142 Mich. 508, 106 N. W. 71.)

It does not alter the case that the action of the court in withdrawing the evidence from the jury was favorable to the plaintiff. A party is entitled to have a trial upon the evidence properly in the case; and while it is true, as counsel for defendant argue, that if the court had persisted in sending the case to the jury upon the theory upon which the instructions were formulated, the plaintiff would have had no cause of complaint, yet, in overruling the objection of counsel for plaintiff and permitting opposing counsel to call the attention of the jury to the excluded evidence, as furnishing a reason why plaintiff should not recover, it allowed the jury to consider evidence

not before them. The behavior of counsel was indefensible. The court should not have permitted it. The motion for a new trial was properly granted.

It is argued by counsel for defendant that the order granting the new trial was improvidently made, because the facts showing misconduct of counsel were brought into the record by affidavit, instead of by bill of exceptions. There is no merit in this contention. Prior to the passage and approval of the Act of 1907 (Laws 10th Session, Chapter 41; Revised Codes, sec. 6795), a motion for a new trial upon the ground of the irregularity complained of here (Revised Codes, sec. 6794; Code Civ. Proc. 1895, sec. 1171), could be made only upon affidavit. (Code Civ. Proc. 1895, sec. 1172; *Coleman* v. *Perry,* 28 Mont. 1, 72 Pac. 42; *Tague* v. *John Caplice Co.,* 28 Mont. 51, 72 Pac. 297; *King* v. *Pony Gold Min. Co.,* 28 Mont. 74, 72 Pac. 309.) Under the present Code it can be made either upon affidavit, or upon bill of exceptions or both. (Revised Codes, sec. 6795.)

It is also argued by counsel for defendant that, taking the evidence as a whole, it is manifest that plaintiff cannot recover in any event, and hence that the order granting him a new trial was improvidently made. This argument proceeds upon the assumption that the evidence adduced by the defendant so clearly and satisfactorily supports the conclusion that he was not guilty of any negligence that the plaintiff ought not to recover. We are not permitted to determine the merits of this contention. The grounds of the motion enumerated in the notice of intention to move for a new trial do not include the insufficiency of the evidence to justify the verdict. Hence, the court made no ruling thereon which is before this court for review.

No point is made that the defense of contributory negligence is not properly pleaded. We venture the remark, however, that the answer is wholly insufficient in this respect. (*Birsch* v. *Citizens' Electric Co.,* 36 Mont. 574, 93 Pac. 940.)

The order is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.