DAVIS, appellant, *v.* HENDRIE, respondent.

STATUTORY CONSTRUCTION — *act prescribing rate of interest.* Under the second and third sections of the " Act to prescribe the rate of interest," the legislature has given the parties to promissory notes the power to fix the rate of interest that may be collected, after the maturity of the note, as stipulated damages.

STATUTORY CONSTRUCTION — *interest on contracts.* The second section of the act relating to interest fixes the rate of interest on contracts that are due, where there is no agreement as to the rate thereof, and does not affect contracts that are to become due.

STATUTE — *agreement.* A statute cannot be varied by the agreement of parties.

PROMISSORY NOTE — *interest after maturity — damages — penalty.* A promissory note, in which the maker agrees to pay " interest after maturity, at the rate of four per cent per month until paid," is an agreement between the parties to liquidate the damages for a breach of the contract. This interest is not fixed as a penalty for the breach of the contract, and the agreement will be enforced by the courts.

*Appeal from the Third District, Lewis and Clarke County.*

JUDGMENT was rendered in December, 1871, by WADE, J. The facts appear in the opinion.

E. W. TOOLE, for appellant.

The Montana statute leaves the rate of interest on written obligations to be regulated by the parties. Acts 1865, 535; 2 Sto. on Cont. 1028.

The parties to the note sued on contract, especially and exclusively, for interest after maturity. Is this good ? *Hand* v. *Armstrong,* 18 Iowa, 324; *Lucas* v. *Pickle,* 20 id. 490; *Payne* v. *Clark,* 23 Mo. 259; *Robinson* v. *Kinney,* 2 Kan. 184; *Searle* v. *Adams,* 3 id. 515; *McLane* v. *Abrams,* 2 Nev. 199; *Kohler* v. *Smith,* 2 Cal. 597; *Ludwick* v. *Huntzinger,* 5 Watts & Serg. 60.

SHOBER & LOWRY, for respondents.

The contract for interest ceases with the maturity of the note. An agreement to pay interest after maturity is without consideration. The measure of damages on promissory notes after maturity is the legal rate of interest, ten per

cent per annum.    Acts 1865, 535 ;    *Talcott* v. *Maston,* 3 Minn. 344 ; *Brewster* v. *Wakefield,* 22 How. (U. S.) 118.

KNOWLES, J.    The plaintiff brought an action to foreclose a mortgage executed to secure the payment of a promissory note for the sum of $1,725.    A copy of the note is not set forth in the record.    Its substance is, however, presented in plaintiff's complaint.    From this we find that the defendants promised to pay the above sum in six months, with interest after maturity at the rate of four per cent per month.

The court below held that an agreement for interest was invalid and void on contracts due, and refused to allow the same.    To this ruling the plaintiff excepted, and appealed to this court, assigning this ruling as error.

The question presented for determination in this case is the validity of a contract for interest on a sum of money after the same becomes due.    Section 2 of our statute upon the subject of interest, reads as follows :    " Creditors shall be allowed to collect and receive interest, when there is no agreement as to the rate thereof, at the rate of ten per cent per annum after they become due on any bond, bill, promissory note, or other instrument in writing."    See Laws of 1864, 535.

Section 3 of the same act reads thus :    " The parties to any bond, bill, promissory note, or other instrument of writing, may stipulate therein the payment of a greater or higher rate of interest than ten per cent per annum, and any such stipulation contained in any such instrument of writing may be enforced in any court of law or equity of competent jurisdiction in this Territory."    See Laws of 1864, 535.

It will be seen by the section first referred to, that the law only allows interest in this Territory on a promissory note after the same has become due, in the absence of any agreement between the parties upon that subject.

The second section referred to provides, that the parties to a promissory note may agree for the payment of a greater

rate of interest thereon than ten per cent. Taking these two sections together and the conclusion is inevitable that the legislative assembly intended to give parties to promissory notes, and other instruments of writing, the power to agree upon the amount of interest that might be collected by way of stipulated damages after the maturity of the contract, and I can see no reason why a different rule should be established in a case where the legislative assembly enacts what shall be the interest collected by way of damages, and where it authorizes the parties to make a stipulation as to what interest will be proper as such damages. Interest allowed by law on contracts due is treated and considered as damages for a breach of the same over and above the amount actually due. When the legislature, however, fails to enact what shall be the legal damages for a breach of a contract, over and above the demand due, there is no good reason why the parties may not agree as to what shall be proper damages, and if I have not given a wrong interpretation to section 3 above referred to, the statute gives them this authority. The rule claimed by the respondents makes that section read, "that parties to any bond, bill, promissory note, or other instrument of writing, may stipulate therein the payment before the same becomes due for a greater rate of interest than ten per cent per annum, but after they become due no stipulation of the kind can be made." And section 2 must be so construed as to leave out the clause when there is no agreement as to the rate thereof, and be read as follows : " Creditors shall be allowed to collect and · receive interest at the rate of ten per cent per annum after they become due on any bond, promissory note, or other instrument in writing." For, if parties cannot agree to any rate of interest after such an instrument becomes due, the clause " where there is no agreement as to the rate thereof," can have nothing to do with an instrument in writing due ; and yet the whole section has reference to interest on contracts due and not to those to become due.

It is claimed by the respondent that any agreement for interest on money after the sum becomes due is invalid,

and, in support of this, we are cited to the case of *Talcott*
v. *Marston*, 3 Minn. 344. The court in that case uses the
following language :

"The promisor agrees to pay five per cent per month
after due till paid. If this can be construed as a contract
it is certainly not the same in kind as that embraced in the
first part of the note. There is, in fact, no consideration for
it. There is no time limited for the expiration of the con-
tract. It is claimed that the parties have agreed to pay five
per cent for such length of time as the payee may choose to
forbear. But the fact that the parties have agreed in writ-
ing that the money should be paid at a day certain, ex-
cludes the idea that there could have been another under-
standing different from that expressed. This five per cent
cannot be claimed as interest, for interest is the sum paid
for the use, or, as is sometimes expressed, for the forbear-
ance of money. In this case there is no agreement that the
maker shall have the use of the money, or that the payee
will forbear in collecting the money after six months. The
last clause of the note is not, in terms, but in substance and
effect, an attempt of the parties to liquidate the damages for
a breach of the contract. This the law does not permit
them to do. The reasoning upon which this rule of law
has been established is entirely unsatisfactory to my mind,
and I think an agreement of parties, deliberately entered
into and fully understood, to liquidate the damages on
breach of contract to pay money, ought to be enforced as
much as any other contract. But the rule has long since
been settled otherwise, both in England and this country,
and the question is not open for discussion. And whether
the five per cent clause be regarded as a penalty or liquidated
damages the result is the same."

I have quoted this decision at such length because it is
the one most in point cited by respondents, and it is the one
upon which the decision of the court below was evidently
based. We have not the Minnesota statute upon interest
before us, and hence cannot tell to what extent it corre-
sponds with that of this Territory. If the statute of that

State fixes the rate of interest on all moneys due, then there was nothing left for agreement, and I fully indorse that opinion; for parties by agreement cannot vary the law. If the statute of Minnesota on this subject is the same as ours, and the rate of interest on money due is fixed by law only in the absence of any agreement then I wholly dissent from the conclusion arrived at therein. The contract in this case was for four per cent per month after the note became due. This was in effect and substance an agreement between the parties to liquidate the damages for a breach of the contract. Interest is often treated as damages. When the law gives interest on money due, it is not in consideration of any forbearance by the payee, but as damages. Now, we hold that the rule laid down in the decision above referred to, that parties cannot agree and liquidate damages for a breach of a contract, is not correct. In Sedgwick, on the measure of damages, we find the following:

" It is competent for parties entering upon an agreement to avoid all future questions as to the amount of damages which may result from the violation of the contract, and to agree upon a definite sum as that which shall be paid to the party who alleges and establishes the violation of the agreement. In this case the damages so fixed are termed liquidated, stipulated or stated damages." The author, in that work, discusses this question of liquidated damages, and refers to many cases both in England and America where contracts, fixing a sum as stipulated or liquidated damages, have been sustained, and holding that the courts will enforce such a contract when it is not in the nature of a penalty. We do not believe that the interest agreed upon by the parties in the note under consideration, can, by any fair construction, be considered as a penalty. The rate of interest agreed upon was not in excess of the amount paid on very many contracts executed at the time of this one in this Territory. The agreement has none of the earmarks of a penalty. A note in Sedgwick, on the measure of damages,

in relation to the decisions of the courts of Minnesota, referred to by respondents, holds this language.

"But these rulings seem practically to conflict with the enlarged policy of the statute, and perhaps also tend to discourage that good faith in dealing which it should be the sedulous endeavor of the jurisprudence to promote. They allow the debtor by a breach of his contract to obtain for a time the use of his creditor's money, at a rate less than he agreed to pay, and one which it may be far less than it could be had for in the market, and which no degree of good faith would have enabled him to obtain."

As we have said, however, we have no contest with the Minnesota decisions upon this point, if their statute fixes the rate of interest on money due and does not leave same open to contract. The case of *Brewster* v. *Wakefield*, 22 How. (U. S.) 118, cited by respondents, is not in point. In that case no agreement for the payment of interest after the note became due was made, and the court held that in the absence of an agreement between the parties as to interest after the maturity of the note, only legal interest could be collected.

In the case of *McLane* v. *Abrams et al.*, 2 Nev. 204, the court says:

"As in the absence of express provisions it could not be presumed that the promise of a party extends beyond the limit of the written contract for payment, the statutes existing in all the States give the party a remedy which otherwise he probably would not have, by allowing him to recover legal interest on his debt from the time of its maturity until it is collected, as damages for the breach of contract. But it will not be denied that when not prohibited by usury laws, an agreement between parties fixing a higher rate of interest or damage after maturity would be enforced."

The statute upon the subject of interest in Nevada upon this point is the same as that of this Territory.

In conclusion, we would add there is no doubt that the law allows parties to fix the damages that may be sustained for the breach of a contract. The only question to be determined by courts is, whether or not the parties have fixed

the same by agreement. Where interest is allowed by law on contracts due, and where the court awards interest for the breach of a contract, this interest is given as damages.

When the law does not fix the rate of interest on contracts due, or specially provides, as I hold the statute of this Territory does, that parties may agree as to the rate of interest, this interest agreed upon is treated as damages; and, if it is not fixed as a penalty for the breach of the contract, but as a just compensation therefor, the courts should enforce it. The contract for interest in this case cannot be treated as a penalty; the parties did not so understand it themselves; no fair interpretation of the contract can discover any such understanding. If the interest agreed upon is to be regarded as a penalty, then the court below erred in fixing the damages for the breach at the legal rate of interest, because the statute fixes the interest only in the absence of agreement; and in this case there was an agreement, and the question should have been determined on the testimony as to what were the actual damages, and the plaintiff might have recovered any amount he could have proved, not exceeding the four per cent per month stipulated for. This, however, I hold, was not fixed as a penalty.

For these reasons the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

MURPHY, J. I concur in the conclusions arrived at in the above opinion.

WADE, C. J., dissenting. The note sued upon in this case is a promise to pay a certain sum of money in six months after date, and then follow these words, "together with interest after maturity, at the rate of four per cent per month until paid," and by virtue of the foregoing words the plaintiff seeks to recover four per cent per month upon the principal of the note, from and after its maturity to the time of the rendition of the judgment. I do not understand that he claims this as liquidated damages for breach of contract, or as a penalty for; if any such claim was

made, it should be properly plead, but he claims it as *interest*, under and by virtue of the statute of the Territory authorizing parties to contract for a higher rate of interest than ten per cent per annum.

It is true enough that our statute authorizes and legalizes any rate of interest the parties shall mutually *agree* upon, but, if a party recovers five times the amount of interest that the legislature thought just and reasonable, he must do so by virtue of a *contract*, clear, explicit, certain, definite and positive, and upon the construction of which there can be no doubt. If a party so victimizes himself by his promise, he must do so in unmistakable terms. No doubtful construction can be given in favor of a contract of this grasping, unconscionable character. Courts cannot supply defects or deficiencies in an agreement of this character; they will not exhaust their ingenuity to find a consideration for such an agreement. The party must stand or fall by the words of his bond, for there is no equity in his cause to supply defects.

The simple inquiry presented by this record is this. Do the words above set forth constitute a *contract* with all its elements and parts, and such a contract as can be enforced? By virtue of these words did the maker of the note agree to pay interest for a single moment after the note became due, and did the payee agree to forbear and waive his right to collect the money an instant after the maturity of the note? We say there was no agreement to delay, and, so far from that, there was an express written agreement to the contrary. Can it be said the note is to run for an indefinite time, simply at the will of one of the parties against the wishes of the other, and in consideration thereof the four per cent per month is to be paid? This could not have been contemplated by the parties, for the express and direct promise is to pay at the end of six months, and when that time arrived payment could have been enforced at once, notwithstanding the pretended agreement as to interest, thus showing that there could have been no valid agreement that the note was to run for an indefinite period after its maturity. The fact

that the time of payment was fixed in writing in the note, precludes the idea that there could have been a parol verbal agreement to extend the time; and the only agreement to extend the time must be found in the words above set forth, which say nothing about further time and make no intimation of delay in collecting the note.

Then, in the absence of any agreement upon the subject, if the note is to run after its maturity at four per cent per month, how long is it to run? There is no contract on this subject. The minds of the parties have not met and mutually consented to any thing upon this point; on the contrary, they fix a definite certain time when the note shall be paid, and when that time arrives payment can be enforced at once. The maker says I will pay this note at the end of six months, and the payee says you can have the money for just that time and no longer. This is the contract of the parties, simple, definite and certain, and we are asked to extend this six months' contract over a period of more than two years, when such a thing was not dreamed of by either of the parties, and the court is called upon to make a contract for the parties where they have failed to make it themselves and to which they are utter strangers.

Then how long shall the note run after its maturity? If the court is to make a contract for the parties upon this subject, it may fix any arbitrary time in the future. The parties have said the money shall be paid in six months, and if there is delay an instant beyond that time, it is wholly at the will and pleasure of either party without the consent of the other. This does not make a contract. This would authorize one party to make a contract for himself and another without the other's consent. There is no mutuality in such a contract and no consideration for it, and to galvanize these words as to interest into a contract, the court must say that for a sufficient consideration the parties expressly agreed that the note should run after its maturity for an indefinite period, depending upon the will of either party, when in truth such an agreement is a direct contradiction of the written terms of the note.

This money is sought to be collected as interest. What is interest? It is money paid for the forbearance of money. Here there is no agreement to forbear longer than six months. At the end of that time the contract ceases. The parties promise with express reference to this time, and there is no contract to extend the time. If there is no agreement to forbear longer than six months, then the party can only recover statutory interest after that time. These words as to interest do not continue the written contract, and they furnish no protection as to one of the parties and no guarantee as to the other. They do not change, vary or modify the absolute contract of the parties, and are not an agreement in and of themselves.

The evident design of this language was to terrify the maker of the note into a performance of his contract by threatening him with pains and penalties if he failed, but pains and penalties are not enforced in this manner. If the party failed to comply with his contract, the plaintiff had his remedy. He could have collected his money at the maturity of the note, and if he failed to do so it is his own fault and his own neglect.

This four per cent per month after maturity cannot be claimed as liquidated damages, for the reason that the words set forth do not make a contract, and for the further reason that liquidated damages are a certain fixed and definite sum, while four per cent per month for an indefinite period, depending upon the will or caprice of one of two parties, is about as uncertain as any thing imaginable.

For these reasons we think interest on the note should be computed at ten per cent per annum after its maturity. And for these reasons I am unable to agree with the majority of the court upon the question in this case.