ROBIN ANN KAPPES, an Infant, by WILLIAM T. HOD-
GES, her Guardian, Plaintiff and Appellant, v. GEORGE
L. JAAP and DICK OLSON CONSTRUCTORS, INC., a
Corporation, Defendants and Respondents.

No. 10369

Submitted November 19, 1962. Decided February 15, 1963.

378 P.2d 665.

472

Richard B. Conklin, Great Falls, for appellant.

Smith, Paul & Emmons, Great Falls, Marvin J. Smith, and Robert J. Emmons, (argued orally), Great Falls, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from a judgment entered in the district court of Cascade County, Montana, in an action seeking damages for personal injuries sustained by the infant plaintiff. The action was prosecuted by her guardian.·

On April 6, 1960, the four-year old plaintiff was struck and seriously injured by a truck driven by George L. Jaap while the latter was acting in the course of his employment with Dick Olson Constructors, Inc. Jaap and Dick Olson Constructors, Inc. are the defendants.

From the record it appears that immediately prior to the accident the defendant Jaap, driving an International pick-up truck, was proceeding southerly on Fifteenth Street in Great Falls at a speed of approximately twelve to fifteen miles per hour. Parked, facing south on Fifteenth Street, with its front eighty-three feet from the intersection of Fifteenth Street and Sixth Avenue South, was a truck owned by the Pinski Plumbing Company. The plaintiff at a point some three or four feet to the south of the parked truck commenced to cross Fifteenth Street from west to east. However, before plaintiff was able to completely cross Fifteenth Street, she

was struck by the left front bumper of the vehicle driven by Jaap.

Although no centerline divided Fifteenth Street at the time of this occurrence, the evidence shows that Jaap was proceeding in the proper lane of traffic.

The case was tried before a jury who found for the defendants.

Plaintiff has set forth 13 specifications of error. Specifications 1 through 12 attack the giving or refusing of certain instructions. Specification 13 urges error by the trial court in sustaining an objection by defendant during plaintiff's summation.

Concerning specifications of error 1 through 12, it is contended that the effect of the giving or refusing of certain instructions was to deny the plaintiff her right to have the case as a whole fairly presented to the jury. After carefully reviewing the record before us on this appeal, we are convinced, in the light of the evidence elicited at the trial and the instructions given by the district court, that plaintiff's case was fairly presented to the jury.

In her complaint, the plaintiff set forth six allegations of negligence by George Jaap, as follows:

(1) In failing to keep a proper lookout for pedestrians using the street, particularly the infant plaintiff;

(2) In failing to have the truck under control;

(3) In driving the truck at a speed greater than fifteen miles per hour and at a speed of approximately twenty miles per hour, in violation of an ordinance;

(4) In failing to turn the truck to avoid striking plaintiff, who had reached the center of the street when she was struck by the left front bumper of the truck;

(5) In failing to prepare to stop the truck or otherwise to avoid striking a child pedestrian while the driver approached a place where he knew that children and other persons

commonly crossed Fifteenth Street between the Parkdale Grocery and the Parkdale Housing Project; and

(6) In failing to prepare to stop the truck or otherwise avoid striking a child pedestrian while the driver approached the place where he saw, or in the exercise of reasonable care should have seen, that there were several small children playing adjacent to the street.

In plaintiff's proposed Instruction No. 1, given in the case as Instruction No. 2, the foregoing allegations of negligence are set forth *in toto,* as a part of plaintiff's statement of the case. By court's instruction No. 1, given in the case as Instruction No. 3, the foregoing allegations of negligence were again set forth in their entirety, but the district court withdrew from the jury any consideration of allegations 2, 3, 4, and 5, supra, cautioning the jury that it may consider only allegations 1 and 6, the court ruling as a matter of law the evidence was insufficient to submit the question of negligence to the jury on the other alleged acts.

Plaintiff complains that the giving of Instruction No. 3 is error, because in effect it nonsuits the plaintiff as to four allegations of negligence, thereby necessarily precluding the jury from a fair consideration of the case. With this we do not agree, because by instructing the jury as to acts of negligence that could be considered by them, the court clarified Instruction No. 2, plaintiff's own instruction, and thereby avoided possible confusion. There is no substantial evidence in this record to justify a verdict for the plaintiff on allegations of negligence 2, 3, 4, and 5, set forth supra. See Escallier v. Great Northern Ry Co., 46 Mont. 238, 127 P. 458.

Having concluded that the district court properly restricted plaintiff's case to allegations of negligence 1 and 6, supra, we see no reason to discuss each instruction, the giving or refusal of which plaintiff cites as error. Many of the refused instructions were meant to supplement plaintiff's allegations of negligence 2, 3, 4, and 5, which were properly

withdrawn from the jury's consideration. Moreover, instructions must be considered in their entirety, and to determine whether instructions were properly given this court will read them in connection with other instructions given and consider them in the light of the evidence introduced. Gilligan v. City of Butte, 118 Mont. 350, 166 P.2d 797. We think the instructions when considered as a whole in the instant case fairly presented plaintiff's case to the jury.

Plaintiff's specification of error 13 is likewise without merit. In summation plaintiff's counsel discussed whether or not, at the time of the accident, the defendant Jaap was in his own lane of traffic. Defendant objected and the court in sustaining this objection commented that there was no evidence that she was struck anywhere but in his lane of traffic. We are of the opinion that the district court properly controlled the argument of counsel on this point because the question of whether or not defendant Jaap was proceeding in the wrong lane of traffic was properly withdrawn from the jury's consideration, and hence, was not an issue in this case. See Bliss v. Wolcott, 40 Mont. 491, 107 P. 423.

Finding no reversible error, the judgment is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE, concur.