**BURK ROYALTY COMPANY, a corporation, Plaintiff in Error,**

v.

**Jess Willard JACOBS and Ruby L. Jacobs, Defendants in Error.**

No. 40237.

Supreme Court of Oklahoma.

Dec. 3, 1963.

Rainey & Barksdale, D. F. Rainey, Okmulgee, for plaintiff in error.

Boatman, Pugsley & Boatman, by Edgar R. Boatman, Okmulgee, for defendants in error.

HALLEY, Vice Chief Justice.

Plaintiffs (Jess Willard Jacobs and Ruby L. Jacobs, husband and wife) brought this action against defendant (Burk Royalty Company, a corporation) to recover for separate items of damage to the surface of their land alleged to have resulted from defendant's negligent operation of a secondary oil production project. The case was tried to a jury and a verdict was returned for plaintiffs on special interrogatories. Defendant filed a motion for new trial and this appeal is from order overruling motion for new trial.

For reversal defendant argues four propositions. The first is that the trial court erred in striking a purported defense from defendant's answer. In such defense defendant alleged that plaintiffs had petitioned for the secondary oil recovery operation and by doing so became a participant in a joint undertaking by several cotenants including defendant, the oil and gas lessee. Defendant also states that the plan of unitization, under the terms of which defendant is operating, provides that the unit operator shall not be responsible for any damage to the unit area or the property used in the development and operation thereof, except only for bad faith or gross negligence in connection therewith.

■■■■ The trial court was correct in striking this defense from defendant's answer and refusing defendant's offer of proof on it. Assuming this was a cotenancy, which issue is not decided herein, cotenancy is not a defense where there has been a practical destruction of the property or a misuse of it. 87 C.J.S. Trespass § 44a (3); McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618. Also defendant did not need to allege a specific defense, such as set out above, if it contended that the damage to plaintiffs' property was a necessary and reasonable use of the surface of the leased premises. Defendant's general denial put this in issue. Once plaintiffs made a showing that defendant allowed salt water to flow over the surface of the land (and defendant does not contend that plaintiffs failed to meet their burden of proof as to this) then the burden of going forward with the evidence shifted to defendant. Defendant's offer of proof contained no showing that the resulting damage was a necessary incident to the disposal of the refuse matter in the prudent operation of the lease. Defendant was required to show this, if the defense of reasonable use of the surface were to be put into issue by the evidence and submitted to the jury. Pure Oil Co. v. Gear, 183 Okl.

489, 83 P.2d 389; Magnolia Petroleum Co. v. Howard, 182 Okl. 101, 77 P.2d 18.

Defendant's second proposition is that the trial court erred in excluding from the jury's consideration its defense that plaintiffs had made a contract with the federal government which placed part of plaintiffs' land under the provisions of the Soil Bank Act, 7 U.S.C.A. § 1801 et seq. That Act imposes a civil penalty upon any producer who knowingly and wilfully grazes or harvests any crop from any acreage covered by the contract.

■■ The above allegations constitute no defense to plaintiffs' action for damages caused by flowage of salt water and oil over their land. Plaintiffs' compensation by the federal government under the contract is merely compensation from a collateral source. We have many times held that a payment to plaintiffs from a source wholly independent of and not in behalf of the wrongdoer cannot inure to the benefit of the wrongdoer to lessen the damages recoverable from him, and the evidence of such payment is inadmissible. See Porter v. Manes, Okl., 347 P.2d 210, and cases cited therein. Also plaintiffs would suffer no penalty under the provisions of the Act because there is no showing that they had grazed or harvested any of the crops alleged to have been destroyed by defendant's wrongful acts.

■ The third proposition argued by defendant is that the part of the judgment for $560 (jury's special finding No. 1) is not sustained by the evidence. To support this argument defendant quotes from the testimony of one of its witnesses, the county surveyor. This witness testified that the barren or damaged part of plaintiffs' land was only .98 acre. He also testified that the area between terraces that was flooded with salt water was only 3.4 acres. Defendant characterizes this testimony as factual and scientific, and states that plaintiffs' evidence was conjectural and speculative. We do not agree. First it is to be noted that defendant's witness admitted on cross-examination that he did not measure the area of the entire space between the two terraces. He did not measure past a certain fence which was located about the middle of the strip of land. Also, one of the plaintiffs testified that there was "approximately seven acres between these two terraces", which was the area flooded by salt water. He also testified that the value of the land was reduced from $125 per acre to $45 per acre. This testimony reasonably shows that seven acres were damaged to the extent of $80 per acre. Therefore there was competent evidence to sustain the jury's special finding of $560 damages on this fact question.

■ Defendant's last proposition of error is that part of the damages awarded by the jury is barred by settlement of a prior action between plaintiffs and defendant. The petition in the prior action was filed April 12, 1957, and a dismissal with prejudice was filed April 1, 1958. The instant action was filed April 28, 1961. The petition herein alleged that plaintiffs' damages for which recovery was sought had occurred during the two years preceding the filing of this action. The jury was instructed that they should not consider any damage which occurred before April 28, 1959, or after April 28, 1961. One of the plaintiffs testified that all of the damages for which recovery was sought occurred during the two year period just mentioned. He testified specifically that one well broke out causing damage in June, 1959. One of defendant's witnesses testified that this particular well broke out in February, 1957, was repaired at that time and that there had been no trouble with it since. We believe that plaintiffs evidence was sufficient to sustain the jury's findings of damages as alleged, and that defendant's evidence merely presented conflicting evidence in regard to this issue.

Affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.