GEORGE H. FOX, Plaintiff and Respondent, v. FIFTH
WEST, INC., a corporation, Defendant and Appellant.
No. 11521.
Submitted April 16, 1969.
Decided May 14, 1969.
454 P.2d 612.

Fennessy, Crocker & Arness, Libby, Franklin Arness (argued), Libby, for appellant.

Kelly & Battin, Billings, William T. Kelly (argued), Billings, Rockwood, Murray & Donahue, Kalispell, Marshall H. Murray (argued), Kalispell, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

Appeal from the district court of Lincoln County. George H. Fox, plaintiff-respondent, instituted this action against Fifth West Inc., a Washington corporation, alleging breach of a valid

oral contract for employment. The cause was tried by a jury and a verdict was rendered in favor of the plaintiff-respondent in the amount of $6,037.50 ($5,400 wages; $350 expenses; $278.50 hauling a trailer). From this judgment the defendant-appellant employer appeals.

The appellant successfully bid a government construction contract for the sum of $1,044,500 to construct a resident engineers' and visitors' facility on a mountainside overlooking the Libby Dam near Libby, Montana. The contract required that the job was to begin in August 1966 and was to be completed in 360 days. This was the appellant's first work in Montana.

The respondent is an experienced construction man with well over 30 years of experience. He had considerable foreman-superintendent experience on large construction projects and had built a number of homes in the Billings area. Much of his experience involved working with concrete and reinforcing steel.

In August 1966 he was looking for work and saw in the local paper the announcement that the appellant was the low bidder on the aforementioned work at the Libby Dam. He called the appellant's home office in Seattle and at the request of appellant sent in a resume of his background and work experience. Within a week or 10 days he received a call from Mr. Hedreen, president of appellant corporation, and according to the respondent he told Mr. Hedreen he wanted $200 per week and expenses. He testified that the $200 was agreed upon and that the expense item could be decided upon when he got to Libby. The respondent then went immediately to Libby and the next morning early he met with Mr. Hedreen when the salary was reaffirmed and a $50 per month living allowance was arranged. This $50 was paid once though appellant Hedreen denied any expense arrangement with respondent. The respondent also testified that on the basis of conversation he had with Hedreen he had his wife purchase a trailer house in Billings and Hedreen agreed to pay for the hauling from Billings to Libby (1150 miles at

.50 per mile=$575). This agreement also was denied by Hedreen.

Respondent worked 7 weeks as a carpenter foreman and was then fired. The appellant contends he had respondent fired due to his inability to get along with his crew and due to mistakes made in setting certain footings. The respondent testified that he was fired because after telling his supervisor Calhoun that half the steel rebars had been left out of a concrete retaining wall that measured 189 feet in length and varied from 16 feet to 23 feet high, and being told to mind his own business, that he had reported the omission to the inspector for the Army Corps of Engineers. This conversation with the inspector was verified at the trial. The appellant acknowledged the omission in the wall, some 8 tons, and admitted that when the omission was disclosed he talked with Calhoun, Jack Mack, a supervisor, and respondent about what should be done with the remaining steel. The respondent's version of the above incident was that Hedreen mentioned the possibility of burying the steel and this was not denied. However, appellant's president, Hedreen, contends that he had discovered the omission, not respondent, and when the Army inspector brought it to his attention he rebuilt the wall and put in the required steel.

Though the appellant set forth some ten issues for consideration, each of which has been given careful consideration, we find that a number are interconnected and we therefore will consider them as follows:

Concerning the first issue the appellant made a motion (prior to trial) to limit the argument with reference to the omission of the steel from the building and the court had ordered that no reference to such omission or alleged omission should be made without the laying of a sufficient evidentiary basis for the admission of evidence concerning such omission. Despite this preliminary order of the court the respondent's counsel in his opening statement said: "Our evidence will show by Mr. Fox that he felt that one of the retaining walls was not ade-

quately reinforced by steel rebars. He complained about this to Mr. Calhoun; his complaints were ignored; finally they had a meeting about this and Mr. Fox will testify that Mr. Hedreen suggested burying some steel rebars * * *''. Appellant's counsel objected and moved for a mistrial, and the court sustained his objection but denied a mistrial. We find no error in the court's ruling at this early stage of the trial and note later that the respondent as well as appellant did submit evidence concerning the incident to the jury for their consideration. In addition we note that the court's pre-trial order restricting counsel on an evidentiary point that went to the issue of the entire case was itself error.

Concerning the second issue, the defense of the statute of frauds, we find no error. It must be noted that the respondent was hired by the appellant almost immediately after the contract was given the appellant and by Hedreen's own admission the original contract was for 360 days. The fact that appellant's contract was amended later does not affect respondent's rights. Too, one reason for the extension was that the wall had to be rebuilt which most certainly was not contemplated in the original contract. See Awberry v. Schmidt, 65 Mont. 265, 211 P. 346; Miles v. Miles, 76 Mont. 375, 380, 247 P. 328; 49 Am.Jur. Sec. 51, p. 409.

Also, the respondent's part performance of the contract removes the case from the statute of frauds defense. Cobban v. Hecklen, 27 Mont. 245, 70 P. 805; Kettlekamp v. Watkins, 70 Mont. 391, 225 P. 1003; 49 Am.Jur. Sec. 421, pp. 725-726.

The appellant takes issue over the admission of evidence of statements made by the appellant's president relative to hiding and burying the rebar steel. We find no error, for this admission against interest goes to the very heart of the matter. Here we have an experienced construction man hired for a supervisory spot in the appellant's construction firm who was fired early in the job history and just after bringing to the attention of a government inspector the failure of the appellant to prop-

erly reinforce its concrete with steel. None was given here that satisfied either the statutory requirements—or the jury.

Concerning the appellant's fourth issue—the admission of an unsigned, unauthenticated, incomplete listing on a sheet of paper and contending that it had to do with the appellant's hiring practices was error. Appellant properly objected to its admission, however, we do find such admission was harmless error for it neither proved or disproved any issue in the cause.

We find too that the court erred in not allowing the appellant to use the original complaint to cross-examine the respondent on certain admissions of the respondent. The trial court took the position that because of the pre-trial order the allegations of the complaint had been superseded and the complaint was no longer relevant. Clearly it was in error for it has been this Court's position since Johnson v. Butte & Superior Copper Co., 41 Mont. 158, 165, 166, 108 P. 1057, 48 L.R.A.,N.S., 938 (1910) that the opposite party is entitled to introduce into evidence inconsistent pleadings relating to the same issue for whatever the jury might find it worth in arriving at the truth of the controversy. Such too is the statute law of this state, section 93-401-27, R.C.M.1947. See also 31A C.J.S. Evidence § 304, pp. 783-788; IV Wigmore on Evidence, Third Edition, Sec. 1064, p. 45; Ratcher v. Heidenwirth, 254 Iowa 454, 118 N.W. 2d 52, 6 A.L.R.3d 1293. The appellant alleges that because the allegations of the complaint were inconsistent with the testimony given at the trial as to the employment contract he was prejudicially damaged. We find the error was harmless for during the careful- detailed cross-examination of the respondent the appellant accomplished what he intended with the submission of the complaint. The jury had an opportunity to weigh the respondent's testimony and though some of his answers were inconsistent the jury in weighing all the evidence found the balance of the scales was in the respondent's favor.

Issues 6, 7 and 8 concern the appellant's objections to

instructions given by the court and the court's failure to give certain of appellant's instructions. The case is not a model to be followed as far as the instructions to the jury are concerned. Many of the appellant's proposed instructions would have served the jurors well when they considered the case, however, instructions must be considered in their entirety, and to determine whether instructions were properly given or refused this Court will read them in connection with other instructions given and consider them in the light of the evidence introduced. Kappes v. Jaap, 141 Mont. 471, 378 P.2d 665; Gilligan v. City of Butte, 118 Mont. 350, 166 P2d 797. Here the instructions, when considered as a whole, fairly presented the respondent's case to the jury.

We find no merit to appellant's position on the insufficiency of the evidence. Where the evidence presents a conflict as to the ground for the discharge of an employee or is susceptible of more than one interpretation with respect thereto, the rightfulness of the discharge is a jury question. Here the jury found for the respondent and the trial court quite properly denied appellant's motion for a directed verdict, for judgment notwithstanding the verdict and for a new trial.

The judgment of the court is affirmed.

We concur.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL and BONNER, concur.

MR. JUSTICE CASTLES (dissenting):

I dissent and shall briefly state why without fully developing the situation.

The result here would seem to be a penalty exacted against the defendant for the performance of the contract in failing to place the proper amount of steel. The steel was on the job, and the failure to place it properly was a mistake—apparently an honest one. Later, however, when the discovery was made, Hedreen even discussed burying it. This after the fact attempt

102

or consideration of concealment became a reflection on the character of the defendant; and quite naturally was exploited by the defendant.

However, putting aside agreements for paying for moving the trailer, the plaintiff alleged an oral contract of employment for a period of one year. On the pre-trial order, no reference to the length of the government contract was permitted; and consistent with that pre-trial order, the defendant was not allowed to cross-examine on the date of the 360 day contract, the date of the notice to proceed and the receipt of the notice to proceed. At the time of the employment contract between plaintiff and defendant these matters were very important because by their very terms, the contract sued upon was not to be performed within one year and would be controlled by the statute of frauds. If the reliance were on the part performance to take the claim out of the statute of frauds, then the trial court was in error in refusing instructions on that.

Even the majority opinion here finds fault with almost every ruling discussed, but concludes that it was ''harmless error'', ''error was harmless'', ''not a model to be followed''. I believe there were prejudicial errors committed, and that the defendant is entitled to a new trial.