No. 12112

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

TOM GOGGANS and PHOEBE GOGGANS,
husband and wife,

Plaintiffs and Respondents,

-vs-

CLARENCE H. WINKLEY and DOROTHY I.
WINKLEY, husband and wife, and M. M.
MANSFIELD,

Defendants and Appellants.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellants:

L. Lloyd Evans argued, Libby, Montana.

For Respondents:

Douglas and Kaufman, Libby, Montana.
William Douglas and Leonard Kaufman argued, Libby,
Montana.

---

Submitted: February 17, 1972

Decided: MAR 27 1972

Filed: MAR 27 1972

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment for plaintiffs in an action for damages by purchasers of land against sellers and their real estate agent. The action was originally tried in the eleventh judicial district, county of Lincoln and resulted in a directed verdict for defendants. Plaintiffs appealed, the judgment was vacated, and the cause remanded for retrial. Goggans v. Winkley, 154 Mont. 451, 452, 459, 465 P.2d 326 (hereinafter referred to as the first case). The retrial resulted in judgment for plaintiffs and an award of $9,000 by verdict of a jury. Following denial of a motion for judgment notwithstanding the verdict and motion for a new trial, defendants now appeal from that judgment.

Plaintiffs Tom and Phoebe Goggans about March 1, 1967, purchased a two acre tract of land with frontage on the Libby-Jennings highway in Lincoln County from defendants Clarence H. and Dorothy I. Winkley, through the third defendant M. M. Mansfield, a real estate agent in Libby.

Here, the facts as to the land purchase are the same as those set out in the first case, to-wit:

"Plaintiff-purchasers made an earnest money payment and signed a written purchase offer on a form prepared by the real estate agent which contained the following provisions:

"'All representations made by Broker or its agents to Buyer concerning said real or personal property are believed by it and them to be true and correct and are made in good faith but neither Broker nor any of its salesmen or agents represents or warrants any thereof to be true. Buyer has personally inspected said premises and personal property and is personally familiar with the location, size, and condition thereof and is relying solely upon Buyer's own information about and

- 2 -

investigation of the same and also as to any financing of this sale contemplated by Buyer.'

"The sale was completed by a written contract for deed signed by plaintiff-purchasers and defendant-sellers which contained the following provision:

> "'It is agreed and understood between the parties hereto that the expense of surveying the premises herein described shall be borne by second parties.'

"Plaintiff-purchasers entered into possession and made certain improvements on the property, generally consisting of a gas station, store, and trailer park. Thereafter plaintiff-purchasers were informed by agents of the Montana highway department that their property encroached upon the highway right-of-way approximately 40 feet. This action followed.

"According to plaintiff-purchasers, the real estate agent made false representations which induced them to enter into the contract for deed under which they purchased the property. These generally consisted of statements to the effect that certain stakes on the property marked its boundaries, that such survey was accurate and the stakes marked the true boundaries, and that any additional survey by the purchasers would be a waste of time and money. According to plaintiff-purchasers, they relied on these statements, obtained a drawing of the property from the real estate agent with dimensions of the property marked thereon, went to the property and measured the distances between the stakes which checked with the dimensions on the drawing, and accordingly did not have a survey made."

In reversing and remanding the first case for retrial, this Court said:

"Here purchasers have alleged and offered to prove
fraud in the form of false representations which in-
duced them to enter into the contract in the first
place. Fraud in the inducement has always been held
to be provable by parol, notwithstanding the parol
evidence rule. Advance-Rumely Thresher Co., Inc. v.
Wenholz, 80 Mont. 82, 258 P. 1085; Sathre v. Rolfe,
31 Mont. 85, 77 P. 431."

This appeal is from a judgment for plaintiffs, following
a jury verdict. Defendants enumerate a lengthy list of issues
for review which we summarize to reach the thrust of defendants'
appeal.

1. Defendants object to the limitation of cross-examina-
tion of the plaintiffs' witness Vernon Borden, as to the details
of his redirect testimony. Defendants contend the redirect
examination of Borden sought to enhance the stature of the witness
and emphasize his official connection with the state highway de-
partment.

2. Defendants object to the limitation of cross-examina-
tion of plaintiff Phoebe Goggans with respect to a possible actual
or prospective resale of the property in dispute.

3. Defendants object to the exclusion of evidence that
a federal dam is being constructed in the area. They contend
such evidence has a decisive bearing upon the issue and amount of
damages.

4. Defendants object to the limitation of the number of
character witnesses to three instead of the trial court rule of
five, contending that since the case was in the nature of fraud
the character of defendants was in issue and defendants were un-
duly and unfairly limited in the number of their character wit-
nesses.

5. Defendants object to the court's refusal of a number of defendants' offered instructions.

6. Defendants object to the sufficiency of the evidence to justify the verdict and amount of damages.

Issue 1. Vernon Borden is a state highway department engineer whose survey crew undertook to establish the right-of-way adjoining plaintiffs' property. Measurements were made from the center of the existing roadway. According to those measurements there was an encroachment upon the 80 foot right-of-way of 1.5 feet at the southerly end and 2.2 feet at the northerly end of plaintiffs' store building. Other encroachments were noted, according to the measurements, but they are not a part of this proceeding.

Defendants object to the limitation of recross-examination of Mr. Borden. From the transcript, it is evident that prior questioning of Borden thoroughly established the measurements and encroachments, which are the basis of this action. The direct and cross-examination of Borden examined the width of the right-of-way and the surveying.

Redirect-examination of Borden again treated the matters already developed in the record. The questioning pertained to the width of the right-of-way, the length of time for leases, and surveying to establish a centerline in the highway. On recross-examination the trial court limited examination to the scope of the redirect-examination. We find it to be a proper ruling. Garrison v. Trowbridge, 119 Mont. 505, 177 P.2d 464. As to defendants' contention regarding the credibility and reliability of the witness Borden based upon his status, no record at trial presented any issue regarding his authority, competence, or status. Matters of technical expertise were sufficiently examined and defendants' argument on any alleged unreliability is without merit.

Issue 2. Defendants object to the limitation of cross-examination of the plaintiff Phoebe Goggans, with respect to a possible actual or prospective resale of the property. Defendants sought to explore this area in an effort to refute plaintiffs' contention that the property is worthless in view of the right-of-way encroachment. The trial court ruled defendants could not inquire into plaintiffs' future plans regarding the property on the grounds that cross-examination must be limited to those matters brought out in direct examination; and, that the area of questioning had no relevance in that it raised a collateral issue, involving third parties, not germane to this case.

Issue 3. Defendants contend that without unlimited cross-examination plaintiffs' testimony was speculative and conjectural regarding damages, in view of the location of plaintiffs' property on the site of a United States government dam. Defendants maintain their case was prejudiced when the court refused to take judicial notice of the facts which form part of the common knowledge and experience.

The fact that the property may be on a government dam site is irrelevant to the issues and is conjectural concerning possible future and collateral matters. At issue here is the right of recovery from defendants. Injection of collateral matters involving transactions between others, which are in this case conjectural, is collateral inadmissible evidence under the collateral source doctrine. In the Oklahoma case, Burk Royalty Company v. Jacobs, (Okla.1963), 387 P.2d 638, 640, the landowners brought action against oil and gas lessee for damages to surface of land by salt water and oil pollution. At trial, the court excluded lessee's evidence that the landowners had a contract with the federal

- 6 -

government placing part of their land under the provisions of the Soil Bank Act. In affirming, the Supreme Court of Oklahoma held:

> "The above allegations constitute no defense to plaintiffs' action for damages caused by flowage of salt water and oil over their land. Plaintiffs' compensation by the federal government under the contract is merely compensation from a collateral source. We have many times held that a payment to plaintiffs from a source wholly independent of and not in behalf of the wrongdoer cannot inure to the benefit of the wrongdoer to lessen the damages recoverable from him, and the evidence of such payment is inadmissible."

Here, defendants seek to rely upon the common knowledge of the community that the property involved is situated on the government dam site. The future disposition of the property, along with the speculative transactions defendants seek to inject into the case, are conjectural matters not in issue and not relevant here.

Issue 4. Defendants object to the limitation of their character witnesses to three, instead of the trial court rule of five such witnesses. They contend plaintiffs' allegations put the character of the defendants in issue and defendants were unduly and unfairly limited as to the number of their character witnesses.

This issue is without merit. The record reveals no objection by defendants' counsel to the limitation of the number of character witnesses by the trial court. Counsel must preserve the record to perfect appellate review of an issue. Clark v. Worrall, 146 Mont. 374, 406 P.2d 822; Spencer v. Robertson, 151 Mont. 507, 445 P.2d 48. Notice is taken of the affidavits of counsel for plaintiffs and the affidavit of the trial judge setting forth the lack of objection by defendants' counsel. The

trial judge also noted the attempt to conduct a reasonable and expeditious trial. Of prime importance is the explanation of the trial judge that although plaintiffs objected to the submission of any character witnesses nevertheless, since the case was based on a theory of constructive fraud, the court permitted defendants to place their witnesses upon the stand, subject ⌐to⌐ the court's limitation which was not objected to by defendants' counsel.

Here, we note that from the record the character of the defendants was not in issue and was not impeached at trial. Montana's statute on character testimony, section 93-1901-13, R.C.M. 1947, provides:

"<u>Evidence of good character--when allowed.</u> Evidence of the good character of a party is not admissible in a civil action, nor of a witness in any action, until the character of such party or witness has been impeached, or unless the issue involves his character."

At the very least, character testimony was not germane to this case and, advancing defendants' argument to its fullest extent, certainly the three witnesses' testimony established the good character of defendants sufficiently for the jury. We find no error.

<u>Issue 5.</u> Defendants object to the trial court's refusal of eleven instructions proposed by defendants.

Defendants' proposed Montana Jury Instruction Guide, (MJIG), No. 1.04 offers the common knowledge of dam construction as the basis of mitigation of damages against defendants. As heretofore discussed, the injection of collateral matters, independent in nature, is irrelevant and properly excludable both in the taking of evidence and in summation. Kappes v. Jaap, 141 Mont. 471, 378 P.2d 665.

MJIG No. 1.05 relates to oral admissions and is mandatory, however, we note/the trial court's Instruction No. 2 was adequate to inform the jury on the weight to be given testimony presented during trial. The jury was properly apprised of its role in weighing the testimony as it related to the facts and circumstances as shown by the evidence. The general precautionary instruction given by the court was adequate.

Defendants' proposed MJIG instructions No. 1.06 and No. 5.01 test the strength of the evidence produced at trial, questioning the inability of plaintiffs to produce a plat which the plaintiffs claimed was furnished to them and the failure of plaintiff Tom Goggans to appear, testify and be cross-examined. These instructions are inapplicable to the evidence since the testimony of the highway department engineer, Borden, sufficiently provided authoritative expertise regarding the alleged encroachment. Further, the deposition of plaintiff Tom Goggans was read into the record pursuant to Rule 26(d)(3), M.R.Civ.P., absent objection by defendants and without a motion to suppress such deposition. The evidence thus presented by way of deposition was sufficient to replace Tom Goggans as a witness.

Defendants' instruction No. 2 was properly refused since the court's given Instruction No. 13 was a clear statement of the law applicable to the two theories of actual and constructive fraud. Refused instruction No. 2 represented a limited instruction restricting itself to the elements of actual fraud and deleted the theory of constructive fraud.

Defendants' proposed instruction No. 3 was adequately covered by the trial court's given Instruction No. 10, which

instructed the jury that transactions are presumed to have been fair and regular. Similarly, defendants' proposed instruction No. 5 on the presumption of good faith was contained in the court's given Instructions No. 2 and No. 10, which stated that witnesses are presumed to speak the truth and transactions are presumed to have been fair and regular.

Defendants' proposed instructions No. 6, 7, and 8 pertain to the interpretation of the written contract regarding surveying. We find them to be without merit as this Court said in the first case:

> "We hold that, in any event, the survey provision in the contract does not bar inquiry into the question of whether purchasers got what they bargained for. If certain representations were made to purchasers by the sellers' agent relative to a previous survey, the marking of the boundaries thereof with stakes, and the measurements of the perimeter of the property and that these representations were properly relied upon thereby inducing purchasers to buy without a survey, all as comprehended in purchasers' offer of proof, and it later turns out that the representations are incorrect and the property is in fact in a different location and encroaches on the state's right-of-way, then the purchasers are not foreclosed from attempting to prove these facts by the contract provision in question. The district court was in error at this point."

Defendants' proposed instruction No. 11 is an instruction on damages and we find no error in the court's refusal to grant such instruction, since it was in substance adequately contained in the court's given Instructions No. 7 and No. 11.

We find no merit in defendants' issue No. 5.

Issue No. 6. Defendants contend that insufficient evidence was presented to show (1) fraud, (2) encroachment, and (3) damages, to support the jury verdict.

Defendants have framed the first point of this issue in terms of fraud, when in fact the case was tried on misrepresentation in the description of the boundaries of the property. Evidence

produced at trial demonstrated the property was surveyed and represented to the buyers as containing a 40 foot strip which in fact was part of a highway right-of-way. The testimony regarding stakes visible on the property at the time of sale is further evidence of the representation. That there was an encroachment contained in the description was adequately laid to rest by the testimony describing the highway right-of-way. Plaintiffs from the outset maintained that their claim rested on the misrepresentation which they were given. Plaintiffs did not at any time predicate their suit upon a claim of fraud on the part of defendants. We find defendants' argument on this point is not germane to the facts. Substantial evidence of misrepresentation was adequately shown and if believed by the jury, served as the basis for its verdict.

The second point in issue No. 6 goes to the/alleged insufficiency of the evidence to show encroachment. As we have noted, evidence taken at trial regarding surveying was directly in point to show that plaintiffs were in fact not entitled to a 40 foot right-of-way which belonged to the highway and which extended the full length of the abutting property they had purchased. This was a reduction and an injury of the purchase, flowing out of the misrepresentation in the description. Again, we find the jury was presented with sufficient credible evidence to so find.

The third point in issue No. 6 tests the sufficiency of the evidence as to damages to support the jury verdict. We are directed again to the body of evidence presented at trial outlining the nature of plaintiffs' business/and as it was affected by the encroachment. Testimony as to the relative value of the property both with and without that strip of land was brought out at trial

and we find no reasonable basis to disturb the jury's assessment. This Court has repeatedly held that even though the evidence is in conflict, it will only review the evidence to determine if there is sufficient credible evidence to support the verdict. Breen v. Ind. Acc. Board, 150 Mont. 463, 436 P.2d 701; Davis v. Davis, ____Mont.____, ____P.2d ____, 29 St.Rep. 65. We find no merit in defendants' issue No. 6.

The judgment of the district court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____
Associate Justices

_____
Hon. Jack Shanstrom, District
Judge, sitting for Justice
Wesley Castles.